GIVAN, RECEIVER *v.* MARION SUPERIOR COURT,
ROOM 2, ET AL.

[No. 26,454.   Filed June 28, 1934.]

*Clarence C. Wysong* and *Charles McGaughey*, for petitioner.

*Fae W. Patrick* and *Bachelder & Bachelder*, for respondents.

FANSLER, J.—This is an original action seeking a writ prohibiting the respondents from attempting to exercise jurisdiction over the property of the Madison Insurance Company. There is a cross-petition by Harold K. Bachelder, Receiver for said company, appointed by the respondent court, seeking a writ prohibiting the petitioner and the Putnam circuit court from exercising any jurisdiction over the property of the Madison Insurance Company.

The facts are as follows: On Saturday, the 17th day of March, 1934, in the afternoon, one Alvah P. Warman filed his complaint in the Marion superior court, Room 2, against the Madison Insurance Company alleging that he is a creditor, and alleging facts showing that the defendant was in imminent danger of insolvency, and asking for the appointment of a receiver. A summons was issued on the same day. The return shows the summons was served by reading to Harry C. Baldwin, general agent of the company, there being no officer of the company found in Marion county, on March 20, which was Tuesday. On Monday, March 19, Warman filed a verified petition in the above action asking for the appointment of a receiver for the defendant pending the hearing upon his complaint, and the court caused notice of a hearing upon said petition to be issued, fixing the 31st day of March, at 10:30 o'clock A. M., as the time for the hearing on said petition. This notice was served upon Harry C. Baldwin, by the sheriff of Marion county, on March 20. On Monday, the 19th day of March, 1934, an action was

begun in the Putnam circuit court seeking the appointment of a receiver. An officer of the company appeared to said action and consented to the appointment, and the petitioner herein was appointed receiver by the Putnam circuit court on the 19th day of March, 1934. The Madison Insurance Company maintained no office, and had no officer or agent, in Putnam county at the time the action was begun and the receiver was appointed by the Putnam circuit court. It did maintain an office and had an agent in Marion county at the time the action in the Marion superior court, Room 2, was commenced, and service was had upon said agent. The Madison Insurance Company appeared in the Marion superior court, Room 2, in the case of *Alvah P. Warman* v. *Madison Insurance Company*, and filed a plea in abatement seeking to abate the action of Alvah P. Warman by reason of the appointment of a receiver for the defendant by the Putnam circuit court on the 19th day of March. On March 31 the superior court of Marion County, Room 2, heard evidence and appointed Harold K. Bachelder as Receiver for the Madison Insurance Company. Both receivers qualified, and the receiver appointed by the Putnam circuit court first acquired possession of the property of the insurance company.

The only question presented is, Which of the courts of admittedly equal and concurrent jurisdiction acquired jurisdiction, and which receiver is entitled to possession of the property of the insurance company? It is settled beyond controversy that, as between courts of equal concurrent jurisdiction, in actions for the appointment of a receiver, that court which first acquires jurisdiction shall have dominion over the subject matter. There is much apparent contrariety of opinion as to when the jurisdiction of the first court does, in fact, attach so as to give it exclusive control of the property. It is said in 7 R. C. L., §106, p. 1069:

"Some authorities lay down the rule that it attaches when invoked by the filing of the bill; others that it is determined by the priority of service, and others by the priority of appointing a receiver."

Many cases have been cited from Federal jurisdictions, but we feel that there may be in those opinions certain considerations affecting the conflict in jurisdiction between state and federal courts, by reason of which perhaps they are not the best guide in the solution of the problem presented.

A similar question was discussed by this court in the case of *Coleman* v. *Callon* (1916), 184 Ind. 204, 206, 110 N. E. 979. In that case a suit was commenced for the appointment of a receiver in the superior court of Marion county, on February 9, 1915, and on the same day a summons and notice that a petition for a receiver would be heard by that court on February 11th, were issued and served. On February 10th a second paragraph of complaint, asking for the appointment of a receiver, was filed in an action already pending against the same defendant in the circuit court of Marion county. Service was had upon the defendant, and a receiver was appointed by the circuit court upon the same day, February 10th. On February 11th, pursuant to the notice referred to, a receiver was appointed by the superior court. Deciding the case, this court said:

"It is conceded that both courts had authority to appoint a receiver and the question narrows down to the proposition which court had first taken jurisdiction of the matter of the appointment of a receiver. There is no question but that where two tribunals possess concurrent and complete jurisdiction of a subject-matter, and the one before which proceedings are first instituted and which thus acquires jurisdiction of the subject has the jurisdiction to the exclusion of all other tribunals. (Authorities.) . . . The superior court took jurisdiction in this matter on February 9 when it ordered notice to the envelope company, and it was complete on service of this notice upon the com-

pany; all this occurred prior to the filing of the amended second paragraph of complaint in the case in the circuit court, and all of which the envelope company had notice before it appeared to the petition in the circuit court on February 10, at five o'clock. The jurisdiction of the superior court as to the appointment of a receiver had been invoked on February 9, 1915; that of the circuit court not until the next day. Where the jurisdiction of a concurrent court has been invoked, it is the duty of that court to retain such jurisdiction and proceed to final hearing and disposition of the matter in hand and its jurisdiction cannot be ousted by the action of any other court of concurrent jurisdiction."

It will be noted that the opinion holds that the superior court took jurisdiction when it ordered notice to the envelope company, and, although it adds that the jurisdiction was complete on service of the notice on the company, this can only mean that it thus acquired jurisdiction of the person. But it is significant that the opinion further says that, *where the jurisdiction of a concurrent court has been invoked,* it is the duty of that court to retain such jurisdiction. The decision of the case clearly was not made to depend upon the time of the appointment of the receiver or upon possession of the property of the defendant by a receiver, but entirely upon the question of the time of acquiring jurisdiction of the actions for the appointment of a receiver, and, while it is said that the superior court took jurisdiction when it ordered notice to the envelope company, the court concludes by saying that the jurisdiction of the superior court had been *first invoked,* and that, where the jurisdiction of a concurrent court has been *invoked,* it is the duty of that court to retain such jurisdiction. Webster defines the word "invoke" as "to call on for aid or protection; to invite earnestly or solemnly, as in prayer; to solicit or demand by invocation; as, to invoke the Supreme Being, or to invoke His aid." It

would seem that the jurisdiction of a court is invoked when an action is begun by the filing of a complaint and the issuing of a summons. These steps invest the court with jurisdiction in a proper case to issue restraining orders without notice, to issue notices concerning the appointment of receivers *pendente lite,* and, under our statute, upon a proper showing, a receiver may be appointed at any time after the filing of a complaint and the issuing of summons, without notice, and such an appointment might have been made in this case by the superior court of Marion county upon a proper showing. It can hardly be said that a court has not acquired jurisdiction of an action, or the subject matter of an action, or jurisdiction to appoint a receiver, when, upon a proper showing and without further notice to the defendant, a receiver might have been appointed. It is true that courts are not jealous of their jurisdiction, and that the solemn administration of justice requires that they shall not indulge in undignified and unseemly haste in the serving of writs and notices in order to protect their jurisdiction, one from another. In cases seeking the appointment of receivers it is not the courts, but either the parties plaintiff seeking the appointment of a receiver, or the defendant for whom the receiver is sought, who precipitate jurisdictional controversies in an effort to procure some fancied advantage by the appointment of a receiver in a jurisdiction of their own choosing.

Facts are alleged in both actions authorizing the appointment of a receiver, and by appearing in the Putnam circuit court, through its officer, and consenting to the appointment of a receiver, the Madison Insurance Company concedes the necessity for a receiver in the interest of creditors. Why a creditor should go to the county seat of Putnam county, where the defendant company had no officer or agent, or

office, or place of business, in order to seek the appointment of a receiver, and why at the same time an officer of the defendant company should also make his appearance in Putnam county and consent to the appointment of a receiver when an action was already pending in Marion county, where the defendant company did maintain an office and did have an agent, seeking the same relief, is not explained, nor is it explained why, after consenting to the appointment of a receiver in Putnam county, the company the next day appeared in the superior court of Marion county seeking to abate the action there brought asking the same relief.

. If after an action has been brought invoking the jurisdiction of a court of competent jurisdiction, and pending the decorous and orderly service of process, the defendant may rush to another jurisdiction and consent to a judgment granting the same relief asked in the first action, and thus prevent the first court from exercising the jurisdiction which the first action invoked, the way is open for a most unseemly jockeying on the part of defendants for a voice in naming the receiver. The interests of all parties may be preserved, and all parties might be heard, in the first action. The relief sought, the appointment of a receiver, is for the benefit of all. The more orderly manner of procedure is to .permit the court whose jurisdiction is first invoked to deal with the question in the orderly and ordinary course of events, and to permit its receiver when appointed to function. If in the interim, and without notice of the prior proceeding, another court has presumed to act, its orders should be set aside upon a showing that a court of concurrent jurisdiction whose action was previously invoked had acted. Such a procedure injures no one, for courts have no interest in entertaining jurisdiction of actions except to render relief to the parties, and, since both court and receiver act in the

interest of all parties, no injury is done the creditor who brought the second action. It may be that if the receiver appointed in the second action has done something toward conserving the trust property, which is of benefit to the trust estate, his expenses in so doing, and the costs of the action in which he was appointed, and compensation for his services, should be allowed as part of the expense of administration. But if it should appear that the second action had no other purpose than to influence the selection of the person who was to act as receiver, no such allowance should be made.

In this case it appears that the action was begun in the Marion superior court in good faith; that summons was promptly issued and served within a reasonable time. There is no suggestion that the action was not pressed toward service, and to effect the remedy sought, with reasonable promptness. In such a case we are of the opinion that the ends of justice will be fully subserved, and much apparent unseemly controversy between courts will be avoided, by adhering to the rule that, where the jurisdiction of a concurrent court has been invoked by the filing of an action asking the appointment of a receiver and the issuing of summons, its jurisdiction cannot be ousted by the action of any other court of concurrent jurisdiction.

The petition of Clinton H. Givan, Receiver, is denied, and the cross-petition of Harold K. Bachelder, Receiver, is sustained; and it is ordered that the circuit court of Putnam county, and Hon. Wilbur S. Donner, judge of said court, and Clinton H. Givan, Receiver of the Madison Insurance Company, under appointment of the Putnam circuit court, are prohibited from exercising any jurisdiction over the property of the Madison Insurance Company, or interfering with the jurisdiction of the Marion Superior Court, Room 2, and its receiver, over said property; and Clinton H. Givan, Receiver, is

ordered to deliver to Harold K. Bachelder, Receiver, any property of said company which may be in his possession.