STATE EX REL. TUELL, ADMX. *v.* SHELBY CIRCUIT COURT
OF SHELBY COUNTY, INDIANA, ET AL.

[No. 27,256.   Filed November 14, 1939.   Rehearing denied
December 12, 1939.]

*John A. Royse,* and *Howard P. Travis,* for relator.

*Frank B. Ross,* and *Oscar L. Williams,* for respondents.

ROLL, J.—This is an original action for a writ of prohibition. The petition, response, and a reply were filed. From these verified pleadings, it appears that Ray S. Tuell died a resident of Marion County on July 9, 1938, leaving as his sole heir at law, a daughter, Norma M. Tuell, nine years old. Helen G. Tuell, the mother, was appointed guardian of Norma M. Tuell on July 12, 1938, and Lowell G. Ash was appointed administrator of the estate of Ray S. Tuell on July 11, 1938, by the Marion Probate Court. After he qualified as such administrator, he, in proper time, filed an inventory and appraisement of the property belonging to the estate of Ray S. Tuell, a copy of the same is attached to and made a part of the petition herein. It appears that Ray S. Tuell, in his lifetime, was engaged in the business of selling gasoline and petroleum products, both at wholesale and retail, and operated retail service stations and bulk stations located in different cities in Indiana and Ohio.

Among other property listed and appraised and set out in the inventory in the Marion Probate Court by Lowell G. Ash, as administrator of the estate of Ray S. Tuell, deceased, appears, under the heading "Exhibits H, I, J, and K," a description of all the property which is the subject of controversy. Under the various exhibits are listed the service station building, the equipment installed in said building, a warehouse, and stock of merchandise on hand, and various other property, all of which property listed was located at Shelbyville, Indiana, and was the only property listed as located in

Shelby County. It also appears that Lowell G. Ash was, prior to the death of Ray S. Tuell, in charge of, and operated the same after he was appointed administrator of said estate.

The record shows that on several occasions between July 11, 1938, the date of his appointment as administrator, and August 25, 1938, the said Lowell G. Ash, as such administrator, filed petitions in the Marion Probate Court, asking authority to continue the operation of said business, and instructions concerning the conduct thereof which the Court granted.

On August 25, 1938, relator herein, as guardian of Norma M. Tuell, filed her petition for the removal of Lowell G. Ash as administrator; the hearing on said petition was set for September 26, 1938. On that date Lowell G. Ash tendered his resignation as such administrator, which was accepted, and on the same day Helen G. Tuell was appointed administratrix de bonis non of said estate of Ray S. Tuell, deceased.

Thereafter, on or about October 5, 1938, Lowell G. Ash filed in the Shelby County Circuit Court, his affidavit of surviving partnership, wherein he alleged that he and the said Ray S. Tuell were partners in the ownership and operation of the business located in Shelbyville, and asked for an order to continue the operation of said business by him as such surviving partner that he might wind up said partnership business under the provisions of the statutes governing such matters. An inventory and appraisement of said alleged partnership property was filed by the said Ash, and it appears that the property so listed is the same property listed and appraised in the inventory filed by Lowell G. Ash as administrator, and filed in the Marion Probate Court. On October 6, 1938, James A. Emmert, Judge of the Shelby Circuit Court, approved the continuation

of the business of said partnership. Thereafter, said Ash took possession of, and assumed control over all of said property, and continued to operate said business. as a partnership. The above mentioned proceedings, had in the Shelby Circuit Court, were without notice to the relatrix herein. On May 31, 1939, the relatrix herein served upon the said Ash a written demand for possession of the Shelbyville Service station and all personal property held by him and belonging to the estate of Ray S. Tuell, deceased. This demand was refused. On June 29, 1939, the said Ash filed in the Shelby Circuit Court his complaint for a restraining order and injunction against the relatrix herein, and said Court issued a restraining order without notice, restraining relatrix, individually, and as administratrix and as guardian from taking any action against Lowell G. Ash as surviving partner, or as an individual, or in any manner interfering with said surviving partnership or the business thereof, or the property belonging thereto until July 17, 1939, at which time a hearing was to be had on the temporary injunction.

At this point in the proceedings, relatrix filed her complaint herein for this writ of prohibition. A temporary writ was issued by this Court on July 12, 1939.

It does not appear that the relatrix herein appeared in the Shelby County Circuit Court in the injunction suit, or filed any answer therein, or in any manner brought to the attention of said Court the fact that the property here in question had been inventoried by Mr. Ash when he was acting administrator of the Tuell estate, and at that time had actual possession of the property as such administrator, and also the fact that petitions had been filed by Mr. Ash as administrator with reference to the operation of said property, or in any other manner brought to the attention of said Court that the Marion

Probate Court had the custody of said property. We feel that such a procedure would have been proper. The Shelby County Circuit Court should have had an opportunity to pass upon the question upon presentation of all of the facts. However the responses filed herein are devoted to the merits and the procedural question is not pressed in the briefs herein filed. We therefore pass this question and will decide the controversy on its merits.

Much of the response and the reply is taken up in an attempt to establish or refute the existence of a partnership in the Shelbyville business. However that may be, it is conceded by both parties that Lowell G. Ash, when he was appointed and qualified as the administrator of the estate of Ray S. Tuell, deceased, took possession of all the property here in question as such administrator of said estate. This is shown by the fact that he inventoried all such property and filed petitions with the Court for its proper disposition.

Property in the hands of an administrator or an executor is *in Custodia Legis*. The possession of such administrator is the possession by the Court. *Hudson etc.* v. *Wilber, Saginaw Circuit Judge*, 114 Mich. 116, and cases therein cited. The law does not permit one Court to assume control over the representative of another Court or the property confided to his charge.

> "When property or money is *in Custodia Legis*, the officer holding it is the mere hand of the Court. His possession is the possession of the Court. To interfere with his possession is to invade the jurisdiction of the Court itself: and an officer so situated is bound by the orders and judgments of the Court whose mere agent he is, and he can make no disposition of it without the consent of his own Court, express or implied." 9 Cent. L. J. 208 *Hudson* v. *Wilber, supra.*

It was upon this principle that the case of *Givan, Receiver* v. *Marion Superior Court* (1934), 207 Ind. 74, was decided. When a Court obtains jurisdiction over, and has the custody of property by an agent appointed by it, such as a receiver, a guardian, trustee, administrator, or executor, no other Court of co-ordinate jurisdiction has the power to interfere with the first Court's possession. This must 'be true to avoid conflict of jurisdiction between different Courts of co-ordinate jurisdiction. So in the case at bar, the Marion Probate Court first had jurisdiction of the property here in question, and when the Shelby County Circuit Court, by its orders and decrees, exercised jurisdiction over the property in the control and custody of the Marion Probate Court, (a Court of co-ordinate jurisdiction), it interfered with the jurisdiction of the Probate Court of Marion County. Both Courts were attempting to exercise jurisdiction over the same property at the same time, and this is not permissible under our jurisprudence. If, after the Marion Probate Court obtains jurisdiction over, and takes custody of the property here in question by its administrator, some one should make the contention that a part of such property belongs to a partnership in which he is interested, he would have his remedy in the Court that held possession of the property. If upon a proper showing, the existence of a partnership was established, the Court would have authority to make proper orders and to direct his administrator to take such action as the facts justified. It must be held, however, that the proper forum for the determination of such questions is the Court where the estate is pending, and not in some other Court of co-ordinate jurisdiction. This position avoids a conflict of jurisdiction

between such Courts and provides an orderly procedure in matters of this kind.

The statutes relating to the settlement of partnership business upon the death of one of the partners is in the nature of an administration of an estate Sect, 50-30 and subsequent. *Harrah* v. *State ex rel. Dyer,* 38 Ind. App. 495; *Yanakeff* v. *George,* 207 Ind. 703.

If the Shelby County Circuit Court under the facts presented here, should be permitted to take possession of and exercise jurisdiction over the property here in question, we would have a situation where two Courts of co-ordinate jurisdiction would be exercising jurisdiction over the same property at the same time. As pointed out above, the Marion Probate Court had possession of the property through first, respondent Ash, when he was appointed administrator of the estate of Ray S. Tuell, deceased, and later through this administratrix de bonis non when she was appointed. Now the Shelby Circuit Court is attempting, by its orders, to assume jurisdiction over the same property. This, the law does not permit. *Soules* v. *Robinson,* 158 Ind. 97; *State ex rel. Cook* v. *Madison Circuit Court,* 193 Ind. 20; *Givan, Rec.* v. *Marion Superior Court,* 207 Ind. 74.

We conclude that the Shelby County Circuit Court does not have jurisdiction over the property inventoried and belonging to the estate of Ray S. Tuell, deceased, and that the temporary writ heretofore issued is hereby made permanent.