ISBELL *v.* HEINY, ADMINISTRATOR

[No. 27,540. Filed April 9, 1941. Rehearing denied May 14, 1941. Motion to reconsider rehearing dismissed June 9, 1941.]

*Hillis & Hillis*, of Logansport, for appellant.

*Landis & Hanna*, of Logansport, for appellee.

RICHMAN, J.—This action was in replevin by appellant against an executor in his representative capacity to recover possession of property and $5,000 damages for its detention. The property was described as follows:

> "Claim by Veneering Mfg. Co. of Goshen, Indiana, against Stineite Mfg. Co. of Ft. Wayne, Indiana, and insurance policy of National Credit Indemnity Co. covering loss of Veneering Mfg. Co. on claim; bonds and stock certificates owned by Dr. Shirts of Alexandria, Indiana; numerous papers, instruments, documents and letters of varying kinds and correspondence and files concerning each of the above items, together with the containers in which such valuables are kept, of all of which it is impossible at this time to give a more detailed description."

The executor died and appellee, likewise in his representative capacity, was substituted as defendant and filed demurrer to the complaint for want of facts, which was sustained. Appellant refused to plead over and judgment was rendered against him that he take nothing and that appellee recover costs. On the appeal from the judgment it was affirmed by the Appellate Court with opinion on two grounds, first, that the tort action of replevin does not lie against an executor or administrator as such and, second, that the orderly way for a claimant to recover possession of personal property against rights thereto asserted by the administrator of an estate is by procedure in the court where the estate is pending, thus avoiding possible conflict between courts of co-ordinate jurisdiction. On each ground precedents of this court were cited which justify the opinion. See *Isbell* v. *Heiny* (1940), 29 N. E. (2d) 793. Appellant filed petition to transfer which we have decided to grant to the end that our views be not misconstrued, as might more easily occur if we should deny the transfer.

The complaint bears no resemblance to a claim against the estate. If it were such the issue would have to be predicated upon the decedent's possession of the property during her lifetime. The statute, § 6-1001, Burns' 1933, § 3119, Baldwin's 1934, forbidding actions "by complaint and summons against the executor or administrator" is applicable to "any claim against the *decedent*." (Our italics.) A claim filed pursuant to this statute is not designed to try an issue arising out of the conduct of the executor or administrator occurring after his appointment. From all that appears that may be the kind of issue sought to be tried by the complaint in this case. Otherwise, it

would seem that the usual remedy by claim against the estate would have been pursued.

We cannot from the complaint determine by what court the original executor and the substituted administrator (appellee) were appointed. While in the briefs are statements indicating that the estate is pending in the Cass Circuit Court, the case is made, not by statements of counsel, but by the record. Naught appearing to the contrary, we might assume that administration is pending in some other county. But this assumption is not necessary for this is a civil action and though filed in the Cass Circuit Court it is not within the probate jurisdicton of the court where the estate is pending. *Noble* v. *McGinnis* (1877), 55 Ind. 528, 532. So the same situation is presented as if two entirely separate courts were involved.

It has long been recognized in Indiana that property held by an executor or administrator is *in custodia legis*. *Stout, Adm., et al.* v. *La Follette, Adm.* (1878), 64 Ind. 365, 369. In the recent case of *State ex rel. Tuell* v. *Shelby Circuit Court* (1939), 216 Ind. 231, 23 N. E. (2d) 425, this court prohibited a circuit court from exercising jurisdiction over property inventoried as assets of an estate being administered in a court of co-ordinate jurisdiction, on the ground that the proper forum for the determination of rights to such property is the court where the estate is pending.

It seems to us that the character of property sought to be replevied by this action makes quite appropriate the application of this principle. Apparently things other than tangible personal property are involved, namely causes of action and supporting documents, correspondence and other matters of a complicated nature. But even if the dispute be as to the ownership of only one item of tangible personal prop-

erty the issue should be decided by the court which has possession thereof by virtue of the possession of its officer, the administrator.

While there seems to be no statutory procedure for obtaining the relief sought in this complaint, we see no reason why there should not be filed on the probate side of the court, under the title and docket number given the estate, a petition setting out the facts upon which the right to title or possession is asserted and further asking that the court enter an order against the administrator to show cause why the relief prayed should not be granted. There should be no difficulty in framing an issue upon which there could be a trial and appealable judgment. With this orderly method of procedure available there is no occasion for replevin.

In an exhaustive note in 44 A. L. R. at page 640, the author states that "the general rule is supported by many cases, that the estate cannot be held liable for a tort committed by the trustee, executor, or administrator," citing several cases decided by this court, some of which are cited and quoted in the opinion of the Appellate Court, *supra*. In the same note on page 638 the author states that the theory of the rule "is that when the executor, etc., commits a tort he steps out of the line of his duty; in other words, in so far as he commits a wrong, he does not represent the estate, and therefore it should not be held liable."

But cases like *Chaney, Admr.* v. *Wood* (1917), 63 Ind. App. 687, 115 N. E. 333, and *Bright Nat. Bank* v. *Hanson* (1918), 68 Ind. App. 61, 113 N. E. 434, show that an estate is sometimes answerable for the torts of the executor or administrator and the general rule has been and possibly should be relaxed in the interest of avoiding circuity of action. See 44 A. L. R. 638. For this

reason therefore, we prefer not to rely too strongly upon a general rule to which there are exceptions and which may not always obtain.

Resting our decision on the principle stated in *State* v. *Shelby Circuit Court, supra,* we hold that replevin does not lie against an administrator in his representative capacity but the remedy for his wrongful possession as such administrator is by proceedings on the probate side of the court of his appointment because his possession is the possession of that court which ought not be hampered in the administration of the estate by conflicting jurisdiction of another court wherein contrary decision might be made.

The judgment is affirmed.

NOTE.—Reported in 33 N. E. (2d) 106.