In the Matter of the RAYMOND HEETER TRUST.

FIRST FARMERS BANK AND TRUST IN CONVERSE, Appellant–Plaintiff,

v.

Freda GRIBBIN and Donald W. Gribbin, Appellees–Defendants.

No. 52A05–9607–CV–291.

Court of Appeals of Indiana.

June 12, 1997.

Rehearing Denied Sept. 26, 1997.

Larry C. Thrush, Wabash, for Appellant–Plaintiff.

James T. Beaman, Beaman & Todd, Marion, for Appellees–Defendants.

## OPINION

BARTEAU, Judge.

First Farmers Bank and Trust (First Farmers) appeals the trial court's denial of its motion for summary judgment and the grant of summary judgment in favor of Freda and Donald Gribbin (the Gribbins) on First Farmers' complaint for conversion and replevin.

### FACTS

Raymond Heeter died on October 19, 1994. On November 17, 1994, the Miami Superior Court appointed the Gribbins as personal representatives of the Heeter estate. On February 22, 1995, the Gribbins withdrew from First Farmers a certificate of deposit and the funds from an account bearing Heeter's name. On March 24, 1995, First Farmers filed a complaint in the Miami Circuit Court for replevin and damages, claiming that the certificate of deposit and the account funds were held in trust and that the Gribbins wrongfully converted them. First Farmers moved for summary judgment ordering the return of the certificate of deposit and account funds. The Gribbins also moved for summary judgment. The Miami Circuit Court rendered summary judgment in favor of the Gribbins, and entered the following order:

> This is an action in which First Farmer[s] Bank and Trust of Converse, Indiana ha[s] filed an action in replevin and for damages alleging that the Defendants, Fred[a] and Donald Gribbin, have wrongfully taken possession of a certificate of deposit and an account. Plaintiff has filed a Motion for Summary Judgment, and Defendants also

ask the Court to enter summary judgment. After hearing the arguments of counsel and after reviewing the memoranda submitted in this cause, the Court now enters its findings and order as follows.

## FINDINGS OF FACT

1. Freda Gribbin and Donald W. Gribbin were appointed personal representatives of the Estate of Raymond Heeter by the Miami Superior Court in Cause Number 52D01–9411–EU–14 on November 17, 1994.

2. At the time the personal representatives were appointed, there existed a certificate of deposit number 1811[1] and a "rise-n-shine" account number 3201084 in the name of Raymond Heeter individually at First Farmers Bank and Trust, Converse, Indiana.

3. The personal representatives took possession of these assets and deposited them in an interest bearing account in the name of "Freda Gribbin and Donald Gribbin, Personal Representatives of the Estate of Raymond Heeter, deceased."

4. The Estate of Raymond Heeter is not a party to these proceedings and therefore any judgment rendered by [sic] the Gribbins individually would not be binding on the personal representatives of the Estate.

## CONCLUSIONS OF LAW

1. All Findings of Fact should be construed as Conclusions of Law and Conclusions of Law construed as Findings of Fact in this Order.

2. Personal representatives have a right and obligation to take possession of property of a decedent.

3. Personal representatives may not be sued in their individual capacity for exercising their statutory obligation.

4. Freda Gribbin and Donald W. Gribbin were acting in their representative capacity when they took possession of the accounts in question in this matter.

Based on the above Finding[s] of Fact and Conclusions of Law, the Court denies Plaintiff's Motion for Summary Judgment and grants the summary judgment requested by Defendants, finding that there are no material issues of disputed fact and that judgment should be entered in favor of the Defendants and against Plaintiff on all issues.

R. 3–4.

## *STANDARD OF REVIEW*

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Frances Slocum Bank and Trust Co. v. Estate of Martin,* 666 N.E.2d 411, 412 (Ind.Ct. App.1996), *trans. denied.* At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C). Any doubt as to the existence of a factual issue should be resolved against the moving party, construing all properly asserted facts and reasonable inferences in favor of the nonmovant. *Frances Slocum Bank and Trust Co.,* 666 N.E.2d at 413.

■ In this case, the trial court entered specific findings of fact and conclusions of law. Specific findings and conclusions are neither required nor prohibited in the summary judgment context. *Althaus v. Evansville Courier Co.,* 615 N.E.2d 441, 444 (Ind. Ct.App.1993). Although specific findings aid appellate review, they are not binding on this court. *Id.* Instead, when reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh evidence, but will consider the facts in the light most favorable to the nonmoving party. *Reed v. Luzny,* 627 N.E.2d 1362, 1363 (Ind. Ct.App.1994), *trans. denied.* We may sus-

tain a summary judgment upon any theory supported by the designated materials. *Braden Corp. v. Citizens Nat'l Bank*, 661 N.E.2d 838, 840 (Ind.Ct.App.1996).

## DISCUSSION

First Farmers asserts that the trial court erred in finding that the Gribbins withdrew the funds in their personal representative capacity, because when the Gribbins wrongfully withdrew the trust corpus they were necessarily acting in their individual capacity. As a general rule, when a representative of an estate commits a tort, he steps outside of the line of his duty and the estate is not liable for such tort. *Ostheimer v. McNutt*, 116 Ind.App. 649, 66 N.E.2d 142, 143 (1946). First Farmers asserts that, under the foregoing rule, it properly brought the action against the Gribbins in their individual capacity rather than their representative capacity. Although the Gribbins are liable in their individual capacity for torts committed in the administration of the estate, the trial court's grant of summary judgment must be sustained on other grounds.

The remedy for wrongful possession by a representative "is by proceedings on the probate side of the court of his appointment because his possession is the possession of that court which ought not be hampered in the administration of the estate by conflicting jurisdiction of another court wherein contrary decision might be made." *Isbell v. Heiny*, 218 Ind. 579, 33 N.E.2d 106, 109 (1941). Thus, when a personal representative takes possession of property purportedly belonging to the estate, a replevin action must be brought in the court handling the probate of the estate. This rule is premised on the need to avoid "a possible conflict of jurisdiction over the same property between two co-ordinate courts." *Ostheimer*, 66 N.E.2d at 143.

Therefore, in determining whether or not First Farmers properly initiated their action for replevin, the relevant inquiry is not the capacity in which the Gribbins were acting when they took possession of the funds, but rather whether or not the funds were already subject to disposition under the jurisdiction of the probate court. If the funds were under the jurisdiction of the probate court, then First Farmers could not bring an action for replevin in a separate court. First Farmers acknowledged both in its argument on the summary judgment motions and on appeal that the Gribbins seized the property as an asset of the Heeter estate. Therefore, First Farmers could not bring an action for replevin in the Miami Circuit Court because the subject property was in possession of the Miami Superior Court as an asset of the probate estate.[1] The trial court properly granted the Gribbins' motion for summary judgment and denied First Farmers' motion for summary judgment.

Affirmed.

HOFFMAN and RUCKER, JJ., concur.

---

1. First Farmers asserts in its reply brief that the Miami Circuit Court took possession of the trust corpus when it appointed First Farmers as trustee, and therefore the Miami Superior Court should have been prohibited from exercising subsequent jurisdiction over the property. Appellant's Reply Brief at 3. Inasmuch as trusts are not subject to the continuing jurisdiction of the courts, Ind.Code §.30–4–6–2, the Miami Circuit Court did not have jurisdiction over the property when the Miami Superior Court took possession of the property as an asset of the Heeter estate. We therefore reject First Farmers' argument.