In the Matter of the ESTATE of Paul E. WILLIAMS, Deceased.

W & W, INC., Petitioner-Appellant,

v.

Mildred E. WILLIAMS, Executrix of the Estate of Paul E. Williams, Deceased, Respondent-Appellee.

No. 1–479A113.

Court of Appeals of Indiana,
First District.

Jan. 22, 1980.

Rehearing Denied Feb. 22, 1980.

Jerry P. Belknap, Barnes, Hickam, Pantzer & Boyd, Indianapolis, Peter D. Shumacker, Greenfield, for petitioner-appellant.

William P. Wooden, Dawn Sturwold, Wooden, McLaughlin & Sterner, Indianapolis, C. Thomas Cone, Williams, Cone & Billings, Greenfield, for respondent-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant W & W, Inc. brings this appeal to challenge the judgment of the Hancock Circuit Court denying enforcement of a Buy and Sell Agreement against respondent-appellee Mildred E. Williams, as the personal representative of the estate of Paul E. Williams, deceased.

We affirm.

## STATEMENT OF THE FACTS

On July 22, 1976, Paul E. Williams, J. Howard Williams, and W & W, Inc. entered into a Buy and Sell Agreement which limited the transferability of the shares of stock held by Paul E. Williams and J. Howard Williams in W & W, Inc.

Paul E. Williams died on April 6, 1977. When the estate proceeding was commenced, Mildred E. Williams was appointed personal representative. The first published notice to creditors appeared on April 21, 1977. On April 10, 1978, W & W, Inc. filed its Petition for an Order Directing Executrix to Perform an Agreement and sought enforcement of the Buy and Sell Agreement executed by Paul E. Williams, J. Howard Williams, and W & W, Inc.

The trial court found that W & W, Inc. could not prevail because its request for enforcement of the agreement was not filed within five months after the first published notice to creditors.

## ISSUES

1. Does IC 1971, 29–1–14–1 (Burns Code Ed., Supp. 1979) prevent enforcement of the Buy and Sell Agreement in this estate proceeding?

2. Does IC 1971, 29–1–14–21 (Burns Code Ed., Supp. 1979) prevent enforcement of the Buy and Sell Agreement in this estate proceeding?

## DECISION

*Issue One*

The trial court held that W & W, Inc. was asserting a claim against the estate and could not prevail because of its failure to file the claim within five months of the first published notice to creditors.

IC 29–1–14–1 provides, in part:

"(a) All claims against a decedent's estate, other than expenses of administration and claims of the United States, and of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within five [5] months after the date of the first published notice to creditors."

In IC 1971, 29–1–1–3 (Burns Code Ed., Supp. 1979) appears this definition of "claims":

" * * *

'Claims' includes liabilities of a decedent which survive, whether arising in contract or in tort or otherwise, funeral expenses, the expense of a tombstone, expenses of administration and all estate and inheritance taxes.

* * * "

In *Vonderahe v. Ortman*, (1958) 128 Ind. App. 381, 387, 146 N.E.2d 822, 825, "claim" is defined as follows:

" * * *

A claim, as that term is used in the probate code, § 7–802, Burns' 1953 Replacement, is a debt or demand of a pecuniary nature which could have been enforced against the decedent in his lifetime and could have been reduced to a simple money judgment. *Tinkham, Executor v. Tinkham et al.* (1942), 112 Ind. App. 532, 538, 45 N.E.2d 357; *Williams et al. v. Williams, Admr. et al.* (1940), 217 Ind. 581, 585, 29 N.E.2d 557. Such claim is not designed to try an issue arising out of the conduct of the executor or administrator occurring after his appointment. *Isbell v. Heiny, Administrator* (1941), 218 Ind. 579, 582, 33 N.E.2d 106."

When Paul E. Williams executed the Buy and Sell Agreement, he obligated himself to sell his shares of stock in W & W, Inc. to W & W, Inc. or to J. Howard Williams, if he sold them at all. Additionally, W & W, Inc. contends that Paul E. Williams imposed an obligation upon his personal representative, heirs, and assigns to sell to W & W, Inc. any shares of stock in that corporation which he owned at the time of his death.[1] It was this second alleged obligation which W & W, Inc. sought to have enforced. This was not a liability of Paul E. Williams or a debt or demand of a pecuniary nature which could have been enforced against him in his lifetime. Instead, the petition filed by W & W, Inc. presented an issue arising out of the conduct of the personal representative when she refused to honor the Buy and Sell Agreement in a manner complying with the construction which W & W, Inc. imposed upon the agreement.

We hold that the petition filed by W & W, Inc. for enforcement of the Buy and Sell Agreement did not constitute a claim controlled by IC 29–1–14–1.

*Issue Two*

The trial court further concluded that IC 29–1–14–21 prevented enforcement of the Buy and Sell Agreement in the estate proceeding. That section provides as follows:

"When any person claims any interest in any property in the possession of the personal representative adverse to the estate, he may file, prior to the expiration of five [5] months after the date of the first published notice to creditors, a petition with the court having jurisdiction of the estate setting out the facts concerning such interest, and thereupon the court shall cause such notice to be given to such parties as it deems proper, and the case shall be set for trial and tried as in ordinary civil actions."

W & W, Inc. claimed a right to purchase the shares of stock in W & W, Inc. which were held by Paul E. Williams at the time of his death. The shares of stock were in the possession of the personal representative. W & W, Inc. did not file its petition asserting its interest in the shares of stock until more than eleven months after the date of the first published notice to creditors. W & W, Inc. insists, however, that IC 29–1–14–21 is not applicable.

W & W, Inc. first argues that the stock is not in the possession of the personal representative and that the interest it asserts is not adverse to the estate.[2] The corporation

---

1. The Buy and Sell Agreement provides that, after Paul E. Williams' death, W & W, Inc. has an obligation to purchase his shares of stock in W & W, Inc. The corporation maintains that the agreement imposes upon the personal representative a corresponding duty to sell the shares. The personal representative insists that the agreement amounts to an option; she contends that W & W, Inc. has an obligation to purchase only if she elects to sell and that she has no obligation to sell the shares.

The proper construction of the agreement is not an issue before this court and is not an issue resolved in this opinion. Furthermore, nothing in this opinion should be regarded as any indication of the correct construction of the agreement.

2. W & W, Inc. insists that the formula provided in the Buy and Sell Agreement establishes the value of the stock; therefore, the exchange of stock for cash would not be adverse to the estate. Liquidity, however, is not always the primary goal in estate administration. Ancillary advantages or benefits may emanate from possession of the stock. These would be lost if the stock were exchanged for cash.

contends that the principle of equitable conversion applies and leaves the estate solely with an action to collect the agreed purchase price as set forth in the Buy and Sell Agreement.

W & W, Inc. relies upon several cases involving real estate contracts. These cases are not persuasive authority. IC 1971, 29–1–13–6 (Burns Code Ed.) specifically provides for equitable conversion when real property is the subject of a sale on contract prior to decedent's death.

W & W, Inc. cites *Strumberg v. Mercantile Trust Co.*, (Mo.1963) 367 S.W.2d 535. While this case from the Supreme Court of Missouri at first glance appears to lend some support to a theory of equitable conversion, several critical facts must be recognized. First, the Missouri court was deciding solely whether the interest asserted was barred by failure to comply with a statute which is comparable to our IC 29–1–14–1. Missouri's definition of a claim is nearly identical to that definition found in IC 29–1-1–3. We have reached the same conclusion which the Missouri court reached in our resolution of Issue One. The Missouri court, however, did not consider the effect of a statute comparable to IC 29–1–14–21. The Missouri court, at page 539, specifically recognized that the interest sought to be purchased by Strumberg after the death of his partner was, at least in a limited sense, an asset of the estate. In Indiana, IC 29–1–14–21 requires a person who claims an interest in the property in the possession of the personal representative to file a petition within five months after the first published notice if that person wishes to resolve the issue as a part of the estate proceeding. W & W, Inc. did not meet this deadline.

■ W & W, Inc. next argues that IC 29–1–14–21 is only permissive rather than mandatory because the section provides that a person "may" file rather than "shall" file. We acknowledge the presence of the word "may" in section 21. We also recognize the fact that section 21 does not provide that an interest is "forever barred" if not asserted within five months, as section 1 provides with regard to claims. IC 29–1–14–21, however, does mean that, if a person claims an interest and desires the issue to be adjudicated *as a part of the estate proceeding*, that interest must be asserted promptly by complying with the five-month limitation. The statute simply promotes the expeditious conclusion of estate proceedings.

W & W, Inc. next argues that it is asserting an interest which IC 29–1–14–1(e) prevents IC 29–1–14–21 from barring in the estate proceeding. W & W, Inc. made no such assertion in its motion to correct errors. The argument is not preserved for consideration on appeal. Ind.Rules of Procedure, Trial Rule 59(G). Furthermore, W & W, Inc. has not cited relevant authority in support of its argument. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

Finally, W & W, Inc. asserts that, "If the rule were that interests under executory sale and purchase agreements, such as that involved here, were within IC 29–1–14–21, the executor could be deprived of a beneficial bargain by the simple neglect of the purchaser to file any claim." W & W, Inc. relies upon *Ropp v. Glissman*, (1968) 142 Ind.App. 1, 232 N.E.2d 384. Careful reading of that case reveals no reference whatsoever to IC 29–1–14–21. The case is addressed to IC 29–1–14–1. The argument is not persuasive.

■ Having carefully considered the contentions of W & W, Inc., we hold that the Hancock Circuit Court properly concluded that W & W, Inc. could not litigate as a part of the estate proceeding its alleged interest in the stock held by Paul E. Williams at the time of his death because W & W, Inc. did not file its petition within five months of the first published notice to creditors, as required by IC 29–1–14–21.

Judgment affirmed.

ROBERTSON, P. J., and NEAL, J., concur.