**Mildred E. WILLIAMS, Executrix of the Estate of Paul E. Williams, Deceased, Individually and for and on Behalf of W & W, Inc., Appellant (Plaintiff Below),**

v.

**J. Howard WILLIAMS and W & W, Inc., Appellees (Defendants Below).**

No. 1-581A165.

Court of Appeals of Indiana, Fourth District.

Nov. 12, 1981.

William P. Wooden, Dawn Sturwold, Wooden McLaughlin & Sterner, Michael M. Disler, Hillis & Disler, Indianapolis, for appellant.

Richard E. Aikman, Jr., John R. Kirkwood, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for appellees.

YOUNG, Judge.

Plaintiff-appellant Mildred Williams filed suit against defendant-appellee J. Howard Williams seeking injunctive relief. After a hearing, the trial court entered an order denying a preliminary injunction, from which Mildred appeals.

We affirm.

Prior to his death, Paul E. Williams owned fifty percent of the common stock of W & W, Inc. The remaining fifty percent of the common stock was and currently is owned by Howard. On July 22, 1976, Paul, Howard and W & W entered into a Buy and Sell Agreement. Among other things, the agreement provided:

1. That the holder of any of the common stock of the corporation may not transfer his or its shares or any portion thereof in the corporation known as W & W, INC., voluntarily or involuntarily, except pursuant to the terms of this agreement. Furthermore, upon the death of either of the natural parties to this agreement, it is the *obligation* of W & W, INC. to purchase all the shares of such deceased party as hereinafter provided; and furthermore, the surviving natural party in such event is granted a special power of attorney to vote such shares until the transfer thereof is completed,

and it is the intention herein that such special power of attorney or proxy for the purpose of voting such shares is to permit the surviving natural party to vote such shares instead of any heir, devisee, administrator, executor or personal representative of such deceased party during the interim period of time until such transfer of stock to the corporation has been completed.

Paul died on April 6, 1977, and Mildred was appointed personal representative. Paul's fifty percent of the W & W common stock came into the possession of Mildred as executrix of the decedent's estate. The first published notice to creditors appeared on April 21, 1977. On April 10, 1978, W & W filed a Petition for an Order Directing Executrix to Perform an Agreement in the Hamilton Circuit Court, where the estate was pending, seeking enforcement of the Buy and Sell Agreement. The action was venued to the Hancock Circuit Court which entered judgment for Mildred and against W & W.

On appeal, this Court affirmed the trial court. *In re Estate of Williams*, (1980) Ind. App., 398 N.E.2d 1368. In affirming the judgment, the First District held that enforcement of the Buy and Sell Agreement constituted a claim governed by Ind.Code 29–1–14–21 which "requires a person who claims an interest in the property in the possession of the personal representative to file a petition within five months after the first published notice [to creditors] if that person wishes to resolve the issue as a part of the estate proceeding." *Estate of Williams, supra* 398 N.E.2d at 1371. Since W & W did not file its petition within five months of the first published notice to creditors it could not litigate its interest in the stock as a part of the estate proceeding. However, this Court specifically held that the petition did not constitute a claim against the estate which, under Ind.Code 29–1–14–1, would have been barred if not filed within five months after the first published notice to creditors.

Since the death of Paul, Howard has exercised exclusive control over the affairs of the corporation and no annual or other meetings of shareholders have been held. Mildred filed a complaint seeking a mandatory injunction against Howard to require him to: (1) hold an annual meeting of the shareholders of W & W; (2) permit Mildred to examine the books and records of W & W; and (3) provide Mildred with copies of annual reports and monthly and quarterly financial statements for W & W.[1]

After this action was venued to the Boone Superior Court, Howard sought and was granted leave to add W & W as an additional party defendant. The defendants then filed a counterclaim seeking performance of the Buy and Sell Agreement and possession of the W & W stock held by Mildred. Mildred moved for a preliminary injunction requiring Howard to call and hold an annual shareholders' meeting and to allow her to examine the books and records of W & W. Howard also sought a preliminary injunction to enjoin Mildred from transferring or otherwise disposing of the W & W stock in her possession. A consolidated hearing was held at which time certain facts were stipulated and exhibits were admitted into evidence. At the hearing, Mildred withdrew her request for an order permitting her to examine the books and records of W & W. The court denied Mildred's motion for a preliminary injunction and granted Howard's motion.

The only issue before us on this interlocutory appeal is whether the trial court erred in denying Mildred's motion for a preliminary injunction. The grant or denial of a preliminary injunction rests in the sound discretion of the trial court and our review is limited to a determination of whether the trial court's action constituted a clear abuse of discretion. *Indiana State Department of Welfare v. Stagner*, (1980) Ind.App., 410 N.E.2d 1348. In *Stagner*, the Court went on to say that:

> Discretion to grant or deny preliminary injunctive relief is measured by several factors: (1) whether the plaintiff's reme-

---

1. The complaint has since been amended.

dies at law are inadequate thus causing irreparable harm pending the resolution of the substantive action if the injunction does not issue; (2) whether the plaintiff has demonstrated at least a reasonable likelihood of success at trial by establishing a prima facie case; (3) whether the threatened injury to the plaintiff outweighs the threatened harm the grant of the injunction may inflict on the defendant; (4) whether, by the grant of the preliminary injunction, the public interest would be disserved.

410 N.E.2d at 1353. In denying the preliminary injunction, the trial judge ruled that Mildred had not demonstrated that she would suffer irreparable harm if the injunction did not issue.

The plaintiff claims that the failure to hold a shareholders' meeting has violated her rights and that an injunction is the proper remedy for enforcement of those rights. Howard, however, claims that the Buy and Sell Agreement gives him an irrevocable proxy to vote the shares of stock held by Mildred. Plaintiff concedes that if Howard does hold a valid and enforceable irrevocable proxy the denial of a preliminary injunction would not cause her irreparable harm because she would not be able to vote the stock even if a meeting was held.

■ The first question is whether the proxy is valid. It must be in writing, and is invalid eleven months from the date of its execution unless a longer time is provided therein. Ind.Code 23–1–2–9(e). The proxy contained in the Buy and Sell Agreement complies with the terms of Ind. Code 23–1–2–9(e) because it is in writing and the grant of authority is for a period of time in excess of eleven months.

■ Secondly, we must determine if the proxy is irrevocable. A proxy is revocable unless coupled with an interest in the stock. State ex rel. Breger v. Rusche, (1942) 219 Ind. 559, 39 N.E.2d 433. That is, Howard

must have an interest in the W & W stock that is the subject of the proxy. The defendants contend that the proxy is coupled with an interest in the stock. The interest they maintain is evidenced by the express terms of the Buy and Sell Agreement. The Buy and Sell Agreement, if enforceable, does give Howard sufficient interest in the stock to make the proxy irrevocable.[2] See Calumet Industries, Inc. v. MacClure, (N.D. Ill.1978) 464 F.Supp. 19; 5 W. Fletcher, Cyclopedia of the Law of Private Corporations § 2062 (rev. perm. ed. 1975). Mildred, however, contends that since the Buy and Sell Agreement is no longer enforceable, it cannot give Howard an interest in the stock. Therefore, Mildred argues, there cannot be a proxy coupled with an interest and the proxy cannot be irrevocable.

■ Thus, we must examine whether the Buy and Sell Agreement is enforceable. Mildred first claims that the agreement is not enforceable because the decision of the Hancock Circuit Court bars enforcement under the doctrine of res judicata. There are four elements required for the application of the doctrine of res judicata: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or might have been, determined in the former suit; and (4) the controversy adjudicated in the former action must have been between parties to the present suit or their privies. Glass v. Continental Assurance Co., (1981) Ind.App., 415 N.E.2d 126. We agree with Howard that the former judgment was not on the merits, and therefore, that res judicata does not apply. In Slater v. Stoffel, (1969) 144 Ind.App. 672, 248 N.E.2d 378, cert. denied 397 U.S. 1007, 90 S.Ct. 1234, 25 L.Ed.2d 419, a suit in federal court was dismissed because of the plaintiff's failure to file claims timely pursuant to Burns'

---

2. Mildred had claimed that the agreement was merely an option to sell and not a buy and sell agreement. She contended that W & W had an obligation to purchase only if she chose to sell. W & W claims that the agreement also imposes a duty on Mildred to sell. Mildred, however, does not raise this issue on appeal. The proper construction of the agreement is not before this court and is not an issue resolved in this opinion.

Ind.Stat.Ann. §§ 7–801 and 7–802 [3] (1953 Repl.). The Appellate Court ruled that that decision was procedural and not rendered on the merits. In this case, the previous judgment turned solely upon the failure of W & W to file its claim within the time period specified in Ind.Code 29–1–14–21. It is likewise a procedural determination and not a decision rendered on the merits.[4]

■ Mildred next claims that the Buy and Sell Agreement is not enforceable because enforcement is barred by Ind. Code 29–1–14–1 and 29–1–14–21. In *Estate of Williams*, the Court of Appeals held that enforcement of the Buy and Sell Agreement did not constitute a claim barred by Ind.Code 29–1–14–1. 398 N.E.2d at 1370. This is the law of the case and we will not reconsider this issue. *See Egbert v. Egbert*, (1956) 235 Ind. 405, 132 N.E.2d 910.

■ We must, however, consider whether enforcement of the agreement is barred by Ind.Code 29–1–14–21. That section provides as follows:

When any person claims any interest in any property in the possession of the personal representative adverse to the estate, he may file, prior to the expiration of five [5] months after the date of the first published notice to creditors, a petition with the court having jurisdiction of the estate setting out the facts concerning such interest, and thereupon the court shall cause such notice to be given to such parties as it deems proper, and the case shall be set for trial and tried as in ordinary civil actions.

In construing this section in *Estate of Williams, supra*, Judge Ratliff stated:

We acknowledge the presence of the word "may" in section 21. We also recognize the fact that section 21 does not provide that an interest is "forever barred" if not asserted within five months, as section 1 provides with regard to claims. IC 29–1–14–21, however, does mean that, if a person claims an interest and desires the issue to be adjudicated *as a part of the estate proceeding*, that interest must be asserted promptly by complying with the five-month limitation. The statute simply promotes the expeditious conclusion of estate proceedings.

398 N.E.2d at 1371 (emphasis in original). We agree with Judge Ratliff's reading of this section in holding that Ind.Code 29–1–14–21 does not forever bar the enforcement of the Buy and Sell Agreement.[5] Any other construction would render the permissive language of this section meaningless.

Mildred finally contends that the Buy and Sell Agreement is not enforceable because the enforcement of the agreement is exclusively within the jurisdiction of the probate court and that court has determined that it cannot hear the case because W & W did not file its petition within the time limits imposed by Ind.Code 29–1–14–21. We do not agree that enforcement of the agreement is exclusively within the jurisdiction of the probate court. Enforcement of the agreement may be pursued in other courts against the heirs or devisees who succeed to Paul's interest in the stock. While enforcement of the agreement as part of the estate proceeding is barred, *Estate of Williams, supra*, enforcement of the agreement outside of the estate proceeding is not barred.

Therefore, the Buy and Sell Agreement is enforceable and Howard does have a sufficient interest in the stock to make the proxy irrevocable. Since Howard holds an irrevocable proxy, he would be able to vote the stock held by Mildred even if a shareholders' meeting was held. Consequently, Mildred did not suffer irreparable harm by

---

**3.** These provisions are now at Ind.Code 29–1–14–1 and 29–1–14–2.

**4.** Because of this determination, we find it unnecessary to comment on three other requirements for establishing res judicata.

**5.** As to the holding of the First District that enforcement of the Buy and Sell Agreement is a claim controlled by Ind.Code 29–1–14–21 and the failure to file a petition within five months prevents resolution of the issue as part of the estate proceeding we express no view. We merely note that this holding is the law of the case and we are bound by it. *Egbert v. Egbert, supra.*

the denial of a preliminary injunction. The trial court did not abuse its discretion by denying her motion for a preliminary injunction.

Affirmed.

MILLER, P. J., and SULLIVAN, J. (sitting by designation), concur.