The ESTATE OF James G. BAKER, Deceased: Mary L. Gunning, Nancy Cooper, James Gunning, Judith Rohrssen and Mary Meister, Heirs at Law; Appellants (Defendants Below),

v.

Donald LAHRMAN and Noreta Lahrman, Appellees (Plaintiffs Below).

No. 76A04–8608–CV–241.

Court of Appeals of Indiana, Fourth District.

March 19, 1987.
Rehearing Denied May 13, 1987.

Max E. Hobbs, Fort Wayne, for appellants.

Randy Coffey, Coffey & Hess, Angola, David Peebles, Peebles, Rogers, Hamilton & Skekloff, Fort Wayne, for appellees.

YOUNG, Judge.

Mary L. Gunning and her children appeal the entry of summary judgment in favor of Donald and Noreta Lahrman in a suit for specific performance of a real estate contract. The only issue raised by this appeal is whether notice to the attorney for the personal representative of an estate is sufficient to exercise a real estate option which was granted by the decedent prior to his death. We affirm.

On March 16, 1983, Donald and Noreta Lahrman acquired an option to purchase real estate from James G. Baker. Pertinent paragraphs of the option stated:

1. Unless exercised prior thereto, this Option shall expire on the 15th day of March, 1985, at 12:00 noon, Eastern Standard Time.

2. Buyers may exercise the Option by giving notice to the Seller before the expiration of the Option. Notice shall be deemed to be given if in writing and either delivered in person to the Seller or deposited in the United States Mails, certified or registered, first class postage prepaid and addressed to the Seller at his address set forth above, and bearing a postmark prior to the expiration time, and accompanied by Ten Thousand ($10,000.00) earnest money.

3. This agreement shall be binding upon and inure to the benefit of the respective heirs, personal representatives and assigns of Sellers and of Buyers.

James Baker died prior to the expiration of the option. His will was admitted to probate on October 18, 1984 and personal representative letters were issued to Mary L. Gunning, Baker's daughter. Gunning and her adult children apparently were devisees under Baker's will as well as his heirs-at-law.[1] The Lahrmans did not file a "claim"[2] against Baker's estate but made several unsuccessful attempts to serve notice of the exercise upon Gunning. On March 11, 1985, after learning that Gunning would be out of town until after the option expired, the Lahrmans gave a written "Notice of Intention to Exercise Rights Under Real Estate Option Agreement" and a $10,000.00 cashier's check payable to the "James G. Baker Estate" to the estate's attorney.[3]

■ On March 19, 1985, the Lahrmans were notified that Gunning and her children refused to sell the real estate. The Lahrmans brought suit for specific performance against the estate and Gunning and her children. Although the trial court dismissed the complaint as to the estate,[4] it entered summary judgment in favor of the Lahrmans, finding that notice to the estate's attorney was sufficient to exercise the option.

Gunning and her children argue that the option was not properly exercised because notice should have been given directly to them rather than to the estate's attorney. In support of this contention, they strongly rely upon IND.CODE 29–1–7–23 and *Demma v. Forbes Lumber Co.* (1962), 133 Ind. App. 204, 181 N.E.2d 253.[5] IC 29–1–7–23 provides that title to property passes immediately to the distributees upon the decedent's death. In *Demma*, the First District held that because title to a decedent's property is held by the distributees, they are

1. It is unclear from the record and the parties' briefs as to why this action was brought against Gunning and her children as Baker's heirs-at-law rather than as devisees under Baker's will. For purposes of consistency, however, the term distributees will be used throughout this opinion. Resolution of the issue presented does not depend on whether the decedent died testate or intestate.

2. The Lahrmans did not have a claim against the estate until the option was exercised. "Claims include liabilities of a decedent which survive, whether arising in contract or tort or otherwise, funeral expenses, the expense of a tombstone, expenses of administration and all estate and inheritance taxes." IND.CODE 29–1–1–3. This would not include an option. *See Speck v. Anderson* (1982), S.D., 318 N.W.2d 339, and cases cited therein.

3. Notice to the estate's attorney is notice to the personal representative. IND.CODE 29–1–1–14.

4. The trial court dismissed the complaint against the estate for failure to file within the time period prescribed by IND.CODE 29–1–14–21. This statute partially provides:

   When any person claims an interest in property in the possession of the personal representative adverse to the estate, he may file, prior to the expiration of five (5) months after the date of the first published notice to creditors, a petition with the court having jurisdiction of the estate setting out the facts concerning such interest, and thereupon the court shall cause notice to be given to the parties it deems proper....

   Unlike the claim statute, IC 29–1–14–21 is not mandatory. Although a party may not have his interest litigated as part of the estate proceedings if he fails to bring it within the statutorily prescribed time, he may pursue his action in other courts against the distributees. *Williams v. Williams* (1981), Ind.App., 427 N.E.2d 727, following *In the Matter of Williams Estate* (1980), Ind.App., 398 N.E.2d 1368. Hence, while the estate was properly dismissed, the suit against Gunning and her children was properly pursued.

5. Gunning and her children also rely upon *O'Connor v. Chiascione* (1943), 130 Conn. 304, 33 A.2d 336. We do not find the case persuasive. *O'Connor* involved an eviction action brought by a personal representative who did not renew a lease when the lessee exercised an option for renewal. The court held that the lessee's exercise of the option constituted a defense to the eviction action. The court did state that the personal representative could not renew the lease for a period which ran beyond the estate proceedings because the personal representative was not an agent of the heirs and could not bind them. (*But see* IND.CODE 29–1–7.5–3(9) granting the personal representative of an unsupervised estate the power to lease property beyond administration of the estate.) These statements, however, were not necessary to the decision and therefore are dicta. Furthermore, the court noted that the lessee had a right in equity to compel the execution of a lease renewal. 33 A.2d at 337. In any event, we are not bound by Connecticut case law.

necessary parties to a suit to foreclose a mechanic's lien. The fact that distributees are titleholders and are therefore necessary parties, however, does not necessarily lead to the conclusion that they must receive notice of the exercise of an option to purchase real estate. In fact, if the mechanic's lien situation is analogous, it suggests the opposite conclusion.

Before bringing suit for specific performance, the optionee must give notice of the exercise. Similarly, before bringing suit to foreclose, a mechanic's lien claimant must file notice of his intent to hold a lien. IND. CODE 32-8-3-3. In the mechanic's lien situation, the notice is sufficient if it substantially names the owner as set forth in the latest entry in the county auditor's transfer book. *Id.* Until the estate is distributed, the transfer book will reflect the decedent as the owner. Hence, the notice may not be filed in the names of the distributees. It is unlikely that the county recorder will send notice to the distributees because notice will be mailed to the address of the owner as shown on the property tax records. *Id.* Until the estate is closed, the property tax records will reflect the decedent's address. Notice of a lien which was in the name of the decedent has been held sufficient even though his distributees were titleholders. *Riverside Fixture Co. v. Quigley* (1912), 35 Nev. 17, 126 P. 545. Notice in the name of the estate or personal representative also has been held sufficient. *See* 48 A.L.R.3rd 153 and cases cited therein. A distributee therefore may not receive notice of an act which is required prior to bringing suit even though he may be a necessary party to the suit.

■ It would be unfair to require a real estate optionee to give notice of the exercise directly to the distributees. One problem with such a requirement is the fact that while title passes immediately, to whom it passes and the interest which passes remains undetermined until the estate is closed. IND.CODE 29-1-17-2(b) provides in part:

> In its decree of final distribution, the court shall designate the persons to whom final distribution is to be made, and the proportions or parts of the estate, or the amounts, to which each is entitled under the will and the provisions of the probate code. . . .

Additionally, IND.CODE 29-1-17-2(d) provides in part:

> The decree of final distribution shall be a conclusive determination of the persons who are successors in interest to the estate of the decedent and of the extent and character of the interest therein. . . .

Because the judicial determination of to whom title has passed and the interest which has passed does not occur until final distribution,[6] the optionee will not know who is to receive notice of the exercise until the final decree is entered.

At oral argument, Gunning and her children's attorney suggested that the optionee could locate the names and addresses of the distributees through the petition for probate. While this information is required on the petition, it is only required "so far as such are known or can with reasonable diligence be ascertained by the personal representative." IND.CODE 29-1-7-5(2). The optionee therefore can not rely on the petition to give him the correct names and addresses of distributees. A complete and correct list of distributees is not available until the court determines the identity of the distributees and enters its final decree of distribution. IC 29-1-17-2(d).

Assuming an optionee could correctly predict whom the court will designate as distributees and where to locate them, the

---

6. It is possible for a partial distribution to be made prior to the closing of the estate. IND. CODE 29-1-16-6. The determination of distributees and their interests, however, does not become conclusive until the estate is closed. IND. CODE 29-1-17-2(d). An intermediate distribution decree may be modified at any time prior to closing the estate. IND.CODE 29-1-17-2(b). It therefore would be unwise for an optionee to rely on an intermediate distribution decree in attempting to give notice.

question remains as to who is to receive any earnest money when it is required in connection with the exercise of the option. It was suggested at oral argument that the check list all of the distributees. This solution, however, is impractical, puts the optionee's funds at risk, and violates the personal representative's statutory right to possession of estate property.

 In a large estate, there may be numerous distributees, making it impractical to list each as a payee. Even if all the distributees could be listed, giving the check directly to the distributees puts the optionee's funds at risk. Nothing would prevent the distributees from cashing the check and spending the funds. As the real estate is available until the estate is closed to pay allowed claims and administrative expenses,[7] the distributees' title is subject to divestment. *Helvey v. O'Neill* (1972), 153 Ind.App. 635, 288 N.E.2d 553. Should divestment occur, the optionee has given funds to persons who no longer have an interest in the real estate. It may be too late to file a claim against the estate, IND. CODE 29-1-14-1, or the estate may be insolvent. In either situation, the optionee may have difficulty in recovering his funds. Furthermore, the personal representative is entitled to possession of estate property. IND.CODE 29-1-13-1. Giving earnest money funds directly to potential distributees would deprive the personal representative of this statutory right. We note that the purpose of this statute is to prevent potential distributees from collecting funds until the court delivers possession under an order for distribution. *Matter of Estate of Kingseed* (1980), Ind.App., 413 N.E.2d 917, 925.

For the foregoing reasons, we hold that notice of the exercise of a real estate option is sufficient if given to the estate's attorney or the personal representative. It follows that the trial court properly entered summary judgment in favor of the Lahr-

mans on their complaint for specific performance.

Affirmed.

CONOVER, P.J., and RATLIFF, C.J., concur.

---

7. In abating distributees' shares, there is no preference or priority as between real and personal property. IND.CODE 29-1-17-3.