ESTATE OF Gregory PENZENIK, Linda Penzenik, Personal Representative, Appellant–Respondent,

v.

PENZ PRODUCTS, INC., Appellee–Petitioner.

No. 71A03–0010–CV–351.

Court of Appeals of Indiana.

May 14, 2001.

Charles P. Rice, South Bend, IN, Attorney for Appellant.

H. Theodore Noell, Mishawaka, IN, John C. Hamilton, The Hamilton Law Firm, South Bend, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Linda Penzenik, personal representative of the Estate of Gregory J. Penzenik (Estate), appeals the trial court's judgment requiring the Estate to sell its shares of Penz Products, Inc. (Penz) stock to Penz pursuant to a 1991 buy-sell agreement (Agreement), raising numerous issues for review. We address only one, which we find dispositive: whether Penz's petition for specific performance was timely filed under IC 29–1–14–21.

We reverse.

### FACTS AND PROCEDURAL HISTORY

Penz is a closely held corporation owned by members of the Penzenik family. In 1991, the shareholders executed the Agreement, which purported to require the sale of all shares back to Penz upon a shareholder's death.

By 1998, Penz was owned entirely by three brothers, David, Richard, and Gregory. On July 25, 1998, Gregory died. Gregory's widow, Linda, opened his estate in August 1998 and issued the first notice to creditors on September 3, 1998. On December 4, 1998, Penz filed a document in the Estate proceedings styled "Appearance of Interested Party" (Appearance), which stated:

"Comes now [Penz] and enters [its] appearance in this estate and request[s] that [Penz's counsel] be served and/or provided with copies of all further pleadings and notices of all further hearings in this estate. This request is made because [Penz] possess[es] certain vested rights and obligations under Stockholder By–Sell [sic] Agreements and/or other agreements to which the decedent was a party.

The intangible property, pending execution of the aforesaid Buy Sell Agreements appears to be a present conditional asset of the estate which [Penz] ha[s] requested to repurchase in conformity with the prior agreements."

*Record* at 30.

On January 19, 1999, Penz served the Estate with a formal demand that it comply with the terms of the Agreement and sell Gregory's shares of Penz to Penz. After protracted negotiations, the parties were unable to reach an agreement as to the appropriate price for the shares. Accordingly, on April 5, 1999, Penz filed a "Petition to Enforce Compliance with Buy–Sell Agreement," requesting that the trial court order the Estate to sell the shares.

After a trial at which the proper interpretation of the Agreement was hotly contested, the court found that the Estate was required to sell the shares to Penz. The Estate now appeals.

## DISCUSSION AND DECISION

■ Pursuant to the Estate's request, the trial court entered special findings of fact and conclusions thereon. When a trial court enters special findings with its judgment pursuant to Ind. Trial Rule 52, our standard of review is two-tiered. *Metro. Dev. Comm'n of Marion County v. Schroeder*, 727 N.E.2d 742, 748 (Ind.Ct.App. 2000), *trans. denied.* In our review, we first consider whether the evidence supports the factual findings. *Menard, Inc. v. Dage–MTI, Inc.*, 726 N.E.2d 1206, 1210 (Ind.2000). Second, we consider whether the findings support the judgment. *Id.* A trial court's interpretation of statutes and/or case law is a question of law to which this court owes no deference. *Perkins v. Owens*, 721 N.E.2d 289, 291–92 (Ind.Ct.App.1999).

■ IC 29–1–14–21 applies to claims arising from buy-sell agreements. *In re Williams' Estate*, 398 N.E.2d 1368, 1371 (Ind.Ct.App.1980). It provides:

"When any person claims any interest in any property in the possession of the personal representative adverse to the estate, he may file, prior to the expiration of five (5) months after the date of the first published notice to creditors, a petition with the court having jurisdiction of the estate setting out the facts concerning such interest, and thereupon the court shall cause such notice to be given to such parties as it deems proper, and the case shall be set for trial and tried as in ordinary civil actions."

IC 29–1–14–21. The Estate contends that Penz's petition for specific performance was untimely because it was filed in April, after the expiration of the five-month period following the date that the Estate gave first notice to creditors. Penz maintains that its Appearance, which was filed within the five-month period, was sufficient to

constitute a petition. The Estate argues that the Appearance did not meet the requirements of the probate code to be a claim against an estate, but instead was a request for notice under IC 29–1–7–6, which provides:

> "(a) At any time after the issuance of letters, any person interested in the estate may serve upon the personal representative, or upon his attorney, and file with the clerk of the court where the proceedings are pending with a written admission or proof of such service, a written request, stating that he desires written notice by ordinary mail of the time and place of all hearings on the settlement of accounts, on final distribution, and on any other matters for which any notice is required by law, by rule of court, or by an order in the particular case."

It notes that the Appearance does not give a definite statement of Penz's claim, is not executed under oath, does not seek affirmative relief, and is not entitled "petition."

Based on the contents of Penz's Appearance, we agree with the Estate that this document was a request for notice pursuant to IC 29–1–7–6, not a petition under IC 29–1–14–21. The Appearance tracks the language of IC 29–1–7–6, and the only request it makes of the trial court is to receive notice of actions involving the Estate. It asked for no relief and did not provide notice to the court or any party that Penz was initiating an adversarial process with that document. The best evidence that the Appearance was not a petition is that Penz later filed a petition, not an *amended* petition, as it would have done had it regarded the Appearance as its petition. These facts demonstrate that Penz did not intend that the Appearance serve as its claim. Further, the probate court did not regard the Appearance as a petition which asserted a claim. The probate court did not set Penz's claim for a trial as required under IC 29–1–14–21 until after Penz filed its petition in April.

■ Although cited by neither party, we acknowledge IC 29–1–1–9, which states: "Every application to the court, unless otherwise provided, shall be by petition signed and verified by or on behalf of the petitioner. *No defect of form or substance in any petition, nor the absence of a petition,* shall invalidate any proceedings. Interests to be affected shall be described in pleadings that give reasonable information to owners by name or class, by reference to the instrument creating the interests, or in another appropriate manner." (emphasis added). We conclude that this statute does not apply to the present case. The statute was intended to protect the integrity of probate court proceedings conducted after the filing of a faulty petition or in the absence of a formal petition. *See* INDIANA PROBATE CODE STUDY COMMISSION cmt. § 109 (1953). Here, Penz's petition was not defective in form or substance, but rather, was filed in violation of a rule of procedure requiring it to be filed within five months after the date of the first notice to creditors of the Estate. Further, the trial court did not act on an absent petition. It took no action on Penz's claim until after Penz's untimely April petition. Thus, because we are not faced with the product of a court proceeding conducted on a faulty or absent petition, the statute does not apply.

■ Because Penz filed its petition outside the statutory time limit for bringing claims, it was untimely, and the trial court erred in trying the matter. Our decision today, however, does not foreclose Penz's claim completely. Unlike the general claim statute, under which an untimely claim is forever barred, the consequence of a failure to file a timely claim under IC 29–

1–14–21 is that the claimant must proceed against the distributees, rather than the estate. *Estate of Baker v. Lahrman,* 505 N.E.2d 104, 105 n. 4 (Ind.Ct.App.1987). Thus, Penz's failure to comply with IC 29–1–14–21 does not bar its efforts to enforce the Agreement, but rather, requires it to seek recourse against the distributees.

Reversed.

NAJAM and VAIDIK, JJ., concur.