**Merle V. BETTENHAUSEN, In His Capacity as Personal Representative of the Estate of Tony Bettenhausen, Appellant–Defendant,**

v.

**Thomas GODBY and 109 Gasoline Alley, LLC, Appellees–Plaintiffs.**

No. 49A02–0707–CV–616.

Court of Appeals of Indiana.

Jan. 11, 2008.

John A. Cremer, Cremer Burroughs & Cremer, Indianapolis, IN, Attorney for Appellant.

Anthony B. Ratliff, Stark Doninger & Smith LLP, Indianapolis, IN, Attorney for Appellees.

## OPINION

BRADFORD, Judge.

Appellant–Defendant Merle V. Bettenhausen ("Merle"), in his capacity as personal representative of the estate of Tony Bettenhausen, appeals from the trial court's grant of summary judgment in favor of Appellees–Plaintiffs Thomas Godby and 109 Gasoline Alley, LLC ("Plaintiffs"), and the denial of his motion for judgment on the pleadings. We reverse and remand with instructions.

## FACTS

On July 8, 1994, Tony Bettenhausen and Thomas Godby formed 109 Gasoline Alley, LLC, in which each had a fifty percent share. On August 30, 1994, Bettenhausen, Godby, and 109 Gasoline Alley formed 57 Gasoline Alley, in which 109 Gasoline Alley had a ninety-eight percent interest. On February 14, 2000, Bettenhausen died. Pursuant to the operating agreement for 109 Gasoline Alley, in the event of Bettenhausen's death, his estate was required to sell his interest in the company back to the company under terms specified therein.

On February 24, 2000, Bettenhausen's will was admitted to probate in Marion County. Eventually, Merle was appointed personal representative of the estate, and, at some point, notice to creditors of the estate was published.[1] On June 27, 2005, Plaintiffs brought suit for declaratory judgment, seeking to enforce the buy-sell agreement in 109 Gasoline Alley's operating agreement. On December 22, 2005, Plaintiffs filed a motion for summary judgment. On April 17, 2006, Merle filed a motion for judgment on the pleadings on the basis that Plaintiffs' claim was untimely. Eventually, the trial court granted Plaintiffs' motion for summary judgment and denied Merle's motion for judgment on the pleadings.

## DISCUSSION AND DECISION

### Standard of Review

Merle contends that the trial court erred in denying his motion for judgment on the pleadings.[2] Indiana Trial Rule 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A Rule 12(C) motion attacks the legal sufficiency of the pleadings. *Richards–Wilcox, Inc. v. Cummins,* 700 N.E.2d 496, 499 (Ind.Ct.App. 1998).

We apply a de novo standard of review to a trial court's decision on a motion for judgment on the pleadings. We will [reverse] the trial court's [denial] of a T.R. 12(C) motion for judgment when it is clear from the face of the pleadings that one of the parties cannot in any way succeed under the operative facts and allegations made therein. In making this determination we will accept as true the well-pleaded material facts alleged, and we will not affirm if there are any genuine issues of material fact. The moving party is deemed to have admitted well-pleaded facts in favor of the nonmovant, and this court will draw all reasonable inferences in favor of the nonmovant.

*Burkett v. Am. Family Ins. Group,* 737 N.E.2d 447, 456 (Ind.Ct.App.2000) (quoting *Transcon. Ins. Co. v. J.L. Manta, Inc.,* 714 N.E.2d 1277, 1280 (Ind.Ct.App.1999) internal citations and quotation marks omitted).

### Judgment on the Pleadings

Merle contends that Plaintiffs' claim against Bettenhausen's estate is barred by the provisions of Indiana Code section 29–1–14–21, which, in 2000, when Bettenhausen's estate was opened, provided,

When any person claims any interest in any property in the possession of the

---

1. Neither the record nor the submissions of the parties indicate precisely when this notice was published, although all agree that it was, in fact, published and that Plaintiffs never filed a petition with the probate court detailing its interest in property in the hands of Merle.

2. Because we conclude that this issue is dispositive, we need not address Merle's other claims.

personal representative adverse to the estate, he may file, prior to the expiration of five (5) months after the date of the first published notice to creditors, a petition with the court having jurisdiction of the estate setting out the facts concerning such interest, and thereupon the court shall cause such notice to be given to such parties as it deems proper, and the case shall be set for trial and tried as in ordinary civil actions.

We have held that this provision applies to claims arising from buy-sell agreements of the type at issue here. *See Estate of Penzenik v. Penz Products, Inc.,* 749 N.E.2d 61, 63 (Ind.Ct.App.2001); *In re Williams' Estate,* 398 N.E.2d 1368, 1370–71 (Ind.Ct.App.1980).

It is undisputed that Plaintiffs failed to file any petition with the probate court detailing its interest within the five-month statutory period. Merle contends that Plaintiffs are totally barred from suing the estate directly and are now limited to suits against the beneficiaries of the estate. Plaintiffs, for their part, contend that Indiana Code section 29–1–14–21 is permissive and that it in no way bars direct suits against the estate outside the probate process.

While it is true Indiana Code section 29–1–14–21 provides that a person with an interest in property held by the personal representative "may" file a petition with the probate court, the statute is silent regarding the consequences of failing to do so. This Court, however, has held that "the consequence of a failure to file a timely claim under IC 29–1–14–21 is that the claimant must proceed against the distributees [of the estate] rather than the estate." *Estate of Penzenik,* 749 N.E.2d at 64–65 (citing *Estate of Baker v. Lahrman,* 505 N.E.2d 104, 105 n. 4 (Ind.Ct.App. 1987)).[3] Because all agree that Plaintiffs failed to file a petition within the five-month statutory period, they cannot now sue the estate in another forum and must proceed, if at all, against the beneficiaries of Bettenhausen's estate. The trial court erred in denying Bettenhausen's motion for judgment on the pleadings; we therefore reverse and remand with instructions to dismiss Plaintiffs' declaratory judgment action.

The judgment of the trial court is reversed and remanded with instructions.

BAKER, C.J., and DARDEN, J., concur.

---

3. Plaintiffs attempt to distinguish this case from *Estate of Penzenik* and *In re Williams' Estate* by noting that they have never attempted to assert their claim in the estate proceeding, but, rather, in another forum. In our view, this is not a compelling distinction. The obvious purpose of Indiana Code section 29–1–14–21 is to "promote [ ] the expeditious conclusion of estate proceedings [,]" and we fail to see how allowing lawsuits against estates outside the probate process would do anything but completely undermine that laudable goal. *In re Williams' Estate,* 398 N.E.2d at 1371. As the Indiana Probate Code Study Commission stated in its 1975 comments to the statute,

Any person claiming an interest in property in the possession of the personal representative of an estate who desires a judicial determination of the rights of such person must file an appropriate petition within [three] months after the date of the first published notice to creditors. It is considered that this will expedite the determination of any such claims and also expedite the administration of an estate by barring such where a petition or an appropriate proceedings is not asserted within the [three]-months period.

Ind.Code § 29–1–14–21 cmt. (1975).