**In the Matter of the UNSUPERVISED ESTATE OF Carl DEIWERT, Deceased.**

**Wallace Richard Deiwert, Appellant/Cross– Appellee,**

**v.**

**Judith McKinney, Appellee/Cross– Appellant.**

**No. 73A04–0708–CV–456.**

Court of Appeals of Indiana.

Jan. 28, 2008.

Timothy J. Vrana, Timothy J. Vrana LLC, Columbus, IN, Attorney for Appellant.

John A. Stroh, Sharpnack Bigley Stroh & Washburn LLP, Columbus, IN, Attorney for Appellee.

## OPINION

BRADFORD, Judge.

Appellant/Cross–Appellee Wallace Richard Deiwert ("Dick") appeals from the probate court's order concluding that he failed to timely exercise an option to purchase certain real estate from the estate of his father Carl Deiwert ("Carl"). Appellee/Cross–Appellant Judith McKinney contends that this court does not properly have jurisdiction over this interlocutory appeal. We affirm.

## FACTS

Carl died on July 5, 2004, having named Dick, Thomas Samuel Deiwert, McKinney, and Julia Bense as beneficiaries in his will. The will contained, *inter alia*, the following passage regarding two parcels of land, totaling forty acres, known as the "McKinney Tracts":

I will and bequeath that the personal representative of my estate shall within (6) six months after my demise, appraise my interest in the McKinney Tracts at their then fair market value and reasonably attempt to sell the McKinney Tracts at such appraised fair market value to [Dick.] ... Such sale shall be concluded within one year after my demise, provided that in the event such sale cannot be reasonably concluded within such one year period, the court administering my estate may extend the time to complete said sale; however, such sale shall be made no later than three years after my demise[.] ... In the event that [Dick does not] exercise the option to purchase, then I will and bequeath the McKinney tracts to [McKinney] outright as her distributive share of my estate.

Appellant's App. p. 67.

Carl's estate was opened on July 12, 2004, with Dick as the personal representative. No appraisal of the McKinney Tracts was accomplished within six months of Carl's death, and no sale to Dick was made within one year of Carl's death. On April 27, 2007, Dick moved for an extension of time to purchase the McKinney Tracts. On July 16, 2007, the probate court denied Dick's request, concluding that

1) The intent of the decedent (testator) regarding the sale of the McKinney Tracts is clearly expressed within the four (4) corners of the documents.

2) The conditions precedent imposed upon the sale of the McKinney Tracts are valid and [b]inding.

3) Since no appraisal was completed within six (6) months of decedent's death, [Dick] does not have the right to purchase the McKinney Tracts.

4) The request to extend the time within which to conclude the sale was not filed until after the time had expired for such request; therefore the request was not timely filed.

5) No good reason exists for the sale not being concluded within one year of decedent's death.

6) The one year limitation for concluding a sale shall not be extended.

7) Since the sale was not concluded within [ ] one year of decedent's death, the right of [Dick] to purchase the McKinney Tracts granted by decedent's will has expired.

Appellant's App. p. 8.

## DISCUSSION AND DECISION

### I. Appellate Rule 14(A)(4)

■ McKinney contends that this court does not have jurisdiction over this appeal because it does not qualify under the provisions of Indiana Rule of Appellate Procedure 14(A)(4),[1] which provides that one has an interlocutory appeal as of right from an order "[f]or the sale or delivery of the possession of real property[.]" McKinney argues that because the probate court's order does not *specifically* order the estate to transfer the McKinney Tracts to her, it does not fall under Rule 14(A)(4). Dick counters that the probate court's order effectively delivers possession to McKinney and so falls under Rule 14(A)(4). We disagree with McKinney.

■ Indiana case law is clear that the *effect* of the order, and not a strict reading of its text, determines whether the order is one for the sale or delivery of the possession of real property. The Indiana Supreme Court addressed this question in a similar context in *Ray–Ron Corp. v. DMY Realty Co.*, 500 N.E.2d 1163 (Ind.1986). In that case, Ray–Ron was leasing commercial space from DMY in which Ray–Ron operated a restaurant. *Id.* at 1164. When a dispute arose between the parties over DMY's attempt to lease a recently-vacated space in the same shopping center

to another restaurant, DMY sued Ray–Ron, claiming that Ray–Ron had breached its lease and requesting an order that it vacate the premises. *Id.* After the trial court granted DMY's motion for partial summary judgment on the issue of whether Ray–Ron had breached its lease, DMY sought a writ of assistance in evicting Ray–Ron. *Id.* at 1164–65.

The *Ray–Ron* Court concluded that the grant of partial summary judgment qualified as an order involving "the delivery of the possession of real property" under then-Appellate Rule 4(B)(2), even though the trial court's order had been silent regarding any transfer of the possession of real property. *Id.* at 1165. Moreover, the fact that additional proceedings were required (*i.e.*, the writ of assistance) before actual delivery could occur did not prevent the grant of partial summary judgment from being subject to an interlocutory appeal as of right. *Id.* The clear import of this holding is that the *effect* of the order in question is determinative, not its wording.

Here, the effect of the probate court's ruling that Dick no longer had a right, at least under the provisions of Carl's will, to purchase the McKinney Tracts was to grant title to McKinney, *i.e.*, to order delivery of real property to her. The fact that additional proceedings would have to occur in the probate court before actual delivery of possession could occur does not alter the fundamental character of the ruling. We conclude, as did the *Ray–Ron* court, that the additional proceedings at issue here would merely be "a request for enforcement of the court's earlier determination, not any further litigation concerning the right of possession." *Id.* Because the ultimate effect of the probate court's ruling was to deliver possession of the

---

1. Discretionary interlocutory appeals are governed by Appellate Rule 14(B), which requires the trial court to certify the order and this court to accept jurisdiction.

McKinney Tracts to McKinney, Dick had a right to appeal that ruling under Rule 14(A)(4), and we therefore decline McKinney's request to dismiss this appeal.

## II. Whether the Probate Court Erred in Denying Dick's Request for an Extension of Time Within Which to Purchase the McKinney Tracts

Dick does not dispute that the McKinney Tracts were not appraised within six months of Carl's death, that the sale was not concluded within one year, and that he failed to request an extension within that one-year period. In other words, Dick appears to concede that he lost what is essentially his right of first refusal by failing to adhere to the relevant terms of Carl's will. Dick contends, however, that McKinney has waived any objection she might have had to an extension of his right of first refusal. "Waiver is the voluntary and intentional relinquishment of a known right." *LTV Steel Co. v. Zeller*, 686 N.E.2d 904, 910 (Ind.Ct.App.1997).

Dick draws our attention to several statements made by McKinney, other heirs of Carl's estate, and their counsel at the hearing on Dick's request for an extension of time within which to purchase the McKinney Tracts. Specifically, the statements, as a whole, indicate a willingness to sell the McKinney Tracts to Dick at fair market value, or at least a lack of objection to doing so. These statements do not, in our view, constitute a waiver of an objection to an extension of Dick's right of first refusal. Quite simply, none of the statements refer to extending the right of first refusal, only to selling Dick the McKinney Tracts at fair market value, a transaction that can occur without reference to Carl's will. Even if the statements *had* referred to extending the right of first refusal, we would have had difficulty concluding that they could have constituted an intentional waiver, given that the hearing in question was held *only because the estate and the heirs opposed Dick's request for an extension.* Had any waiver been intended, one imagines that the request for an extension simply would not have been opposed. The probate court properly concluded that Dick failed to properly preserve his right of first refusal as provided for in Carl's will.

The judgment of the probate court is affirmed.

BAKER, C.J., and DARDEN, J., concur.