**Estate of Nathaniel KAPPEL,
Appellant,**

v.

**Margaret KAPPEL, Appellee.**

No. 32A01–1008–ES–462.

Court of Appeals of Indiana.

March 30, 2011.

Stephen Gerald Gray, Indianapolis, IN, Attorney for Appellant.

William R. Fatout, Indianapolis, IN, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

▆▆ The Estate of Nathaniel Kappel appeals an order of the Hendricks Superior Court, Probate Division, requiring the Estate to pay a survivor's allowance to Nathaniel Kappel's widow, Margaret Kappel. The Estate presents the sole issue of whether the demand for payment is an untimely claim against the Estate.[1] We affirm.

### Facts and Procedural History

Nathaniel Kappel died on March 20, 2004, survived by his second spouse and four children from his first marriage. A supervised estate was opened on March 29, 2004. Margaret Kappel and Donald Eugene Kappel served as co-personal representatives until Margaret's petition for her discharge was granted on November 17, 2008. On the same date, the probate court awarded fees to Margaret and to her attorney, and set a deadline of December 19, 2008 for objections to Margaret's final accounting.

On October 23, 2009, Margaret filed her "Petition of Surviving Spouse for Statutory Allowance." (App.27.) The Estate filed an objection, asserting that Margaret had filed an untimely claim. On July 19, 2010, the probate court ordered the Estate to pay Margaret $25,000. This appeal ensued.[2]

### Discussion and Decision

▆▆ The Estate contends that Kappel's demand for payment of a spousal allowance, filed five years after the Estate was opened, is time-barred because it represents a claim filed outside the statutory period for filing of claims against an estate. Margaret responds that the survivor's allowance is an entitlement payable from a solvent estate, as opposed to a claim subject to a nine-month filing period. Questions of law are reviewed de novo and we owe no deference to the trial court's legal conclusions. *In re Guardianship of*

---

1. The Estate articulates a single issue, specifically "did the trial court err by ordering the Estate to pay the spousal allowance when the claim was not filed for over five years from the opening of the estate." Appellant's Brief at 1. In addition to presenting a statutory argument, the Estate alternatively claims that the equitable doctrine of laches should apply. In order for the defense of laches to apply, the party claiming laches must establish: inexcusable delay in asserting a known right, implied waiver from knowing acquiescence in existing conditions, and a change in circumstances resulting in prejudice to the adverse party. *SMDfund, Inc. v. Fort Wayne–Allen Co. Airport Authority,* 831 N.E.2d 725, 729 (Ind.2005). Nonetheless, the Estate did not raise a laches argument before the probate court and no evidentiary record was developed with regard to laches. The contention is waived for appellate review, as a party may not raise an issue for the first time on appeal. *See Smith v. Marion County Dep't of Pub. Welfare,* 635 N.E.2d 1144, 1148 (Ind.Ct.App. 1994), *trans. denied.*

2. Pursuant to Indiana Appellate Rule 14(A)(1), a party may take, as a matter of right, an interlocutory appeal from an order for the payment of money.

*Phillips,* 926 N.E.2d 1103, 1106 (Ind.Ct. App.2010).

The Indiana Probate Code includes a provision for a survivor's allowance:

The surviving spouse of a decedent who was domiciled in Indiana at the decedent's death *is entitled* from the estate to an allowance of twenty-five thousand dollars ($25,000). If there is no surviving spouse, the decedent's children who are under eighteen (18) years of age at the time of the decedent's death *are entitled* to the same allowance to be divided equally among them.

Ind.Code § 29–1–4–1(a) (emphasis added.)

The Code defines "claim" to include, "liabilities of a decedent which survive, whether arising in contract or in tort or otherwise, funeral expenses, the expense of a tombstone, expenses of administration, and all taxes imposed by reason of the person's death." Ind.Code § 29–1–1–3(a)(2). The Code requires that all claims against an estate be filed within nine months after the date of death. Ind.Code § 29–1–14–1(d).

The Estate notes that the spousal allowance is included within the classification of claims in Indiana Code Section 29–1–14–9, which addresses "preferences" of claims, and provides in relevant part:

(a) All claims shall be classified in one (1) of the following classes. If the applicable assets of the estate are insufficient to pay all claims in full, the personal representative shall make payment in the following order:

(1) Costs and expenses of administration.

(2) Reasonable funeral expenses. . . .

(3) Allowances made under IC 29–1–4–1 [surviving spouse and family allowances] . . .

(b) No preference shall be given in the payment of any claim over any other claim of the same class, nor shall a claim due and payable be entitled to a preference over claims not due.

[6] Although the survivor's allowance is included within the classification of "claims" found in Indiana Code Section 29–1–14–9(a), that statute is directed to preference of payment; it has an express purpose of determining priority of claims against an estate. The classification statute does not purport to subject the statutory survivor's allowance to the statutory provisions regarding the filing of claims against an estate. "A claim, as that term is used in IC 29–1–14–1, has a more restrictive meaning, and refers to 'a debt or demand of a pecuniary nature which could have been enforced against the decedent in his lifetime.'" *Cardwell v. Estate of Kirkendall,* 712 N.E.2d 1047, 1049 (Ind.Ct.App. 1999) (quoting *Matter of Williams' Estate,* 398 N.E.2d 1368, 1370 (Ind.Ct.App.1980)).

In *Kitchen v. Estate of Blue,* 498 N.E.2d 41 (Ind.Ct.App.1986), the appellant complained that the trial court improperly deducted the statutory survivor's allowance [then $8,500] from his inheritance. He contended that the deduction was improper because his step-mother had not filed a claim against the estate of his father. *Id.* at 46. The *Kitchen* Court first observed that the argument was based upon a "misconstruction of legislative intent." *Id.* The Court then discussed the special position of the survivor's allowance within the scheme of the Probate Code:

By enacting the survivor's allowance the legislature has effectively written into every Indiana will, not containing clear contrary intent, an $8,500.00 bequest over and above any other provision in the will. This is a strong expression of legislative intent that provision be made for surviving spouses and minor chil-

dren. IND.CODE § 29–1–4–1 is not principally intended to create a debt that an estate owes; rather it defines a statutory right which can only be denied if the estate's assets are insufficient to first pay the administration and funeral expenses.

The purpose of the five month or one year time limit is to facilitate the orderly administration of estates, by establishing a time when the executor can be absolutely certain that all of the estate's debts have been identified. This purpose does not apply to the survivor's allowance, because the executor knows that if there is a surviving spouse or minor children, and the will does not clearly provide otherwise, then payment of the allowance is due.

*Id.* at 46–47. In light of the policies underlying the survivor's allowance, the *Kitchen* Court held that, "no claim against the estate need be filed before the surviving spouse or the minor children can obtain the statutory allowance. Therefore, the trial court properly granted [appellee] her statutory right." *Id.* at 47. *See also Rush v. Kelley*, 34 Ind.App. 449, 73 N.E. 130, 132 (1905) (holding that the widow had no duty to specifically demand payment of a survivor's allowance, inasmuch as "her right to such payment was not a claim against the decedent" and "she had no reason to expect that the administrator would neglect his prescribed duty to pay her allowance before proceeding to final settlement of his trust.").

Here, the Estate's argument that a timely claim filing is required is likewise unavailing. If a surviving spouse need not file a demand for payment of the survivor's allowance at all, the spouse need not do so within the nine-month period of time prescribed by Indiana Code Section 29–1–14–1(d). As such, the probate court properly

granted Margaret her statutory right to a survivor's allowance.

Affirmed.

NAJAM, J., and DARDEN, J., concur.