**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 27 2012, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**WILLIAM R. FATOUT**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**MARTIN A. HARKER**
Kiley, Harker & Certain
Marion, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES J. HAMBROCK, Individually and as Co-Personal Representative of the Estate of Bob Cromer, | ) ) ) ) | |
| Appellant, | ) ) | |
| vs. | ) ) | No. 49A04-1109-ES-532 |
| STAR WEALTH MANAGEMENT, as Co-Personal Representative of the Estate of Bob Cromer, | ) ) ) ) | |
| Appellee. | ) ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gerald S. Zore, Judge
The Honorable Commissioner Mark D. Batties
Cause No. 49D08-0811-ES-052806

**April 27. 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

James J. Hambrock ("Hambrock"), individually and as co-personal representative of the Estate of Bob Cromer ("the Estate"), brings this interlocutory appeal of right challenging the probate court's order denying Hambrock's claim for equitable relief, in the form of an equitable lien against real estate or a constructive trust imposed to reform a deed.[1] We affirm.

**Issue**

Hambrock articulates three issues for review. We address a single, dispositive issue: whether the claim for equitable relief is time-barred.

**Facts and Procedural History**

Hambrock and Bob Cromer ("Cromer") lived together in a domestic partnership for approximately thirty years. Over the years, the couple relocated to Mississippi, Oklahoma, Texas, and Indiana, so that Cromer could teach at various universities. At each location, Hambrock cared for the residence and yard. The couple maintained a joint bank account.

In other states, Cromer purchased residences in his name alone and later executed quit-claims deeding the properties to himself and Hambrock. However, when the couple moved to Indiana in 2005, Cromer again purchased a residence but did not execute a quit-claim deed.

---

[1] Indiana Appellate Rule 14(A)(4) provides for an appeal of right of an order for the sale or delivery of the possession of real property. In <u>In Re Unsupervised Estate of Deiwert</u>, 879 N.E.2d 1126, 1127 (Ind. Ct. App. 2008), we exercised jurisdiction over an interlocutory appeal where the probate court's order "effectively," although not literally, delivered real estate to a will beneficiary by concluding that the decedent's son had "failed to timely exercise an option to purchase certain real estate from the estate." The effect of an order in question is determinative, not its wording. <u>Id.</u> at 1128.

Cromer died testate on November 11, 2008, having executed a 2002 holographic will in the state of Oklahoma. Pursuant to the holographic will, Cromer's estate was to be distributed "between family and James J. Hambrock." (App. 15.) Cromer had named his sister, Beverly Sue Little ("Little"), and Hambrock to be co-executors of his estate.

On November 20, 2008, Hambrock petitioned for probate of Cromer's will. He contended that a proper interpretation of Cromer's holographic will would result in a one-half distribution to himself and one-half divided among all of Cromer's family members. The petition to probate will was consolidated with Little's petition to open an estate and request appointment of Star Wealth Management ("Star") as personal representative. The parties subsequently stipulated to the validity of Cromer's holographic will; it was admitted to probate on May 6, 2010. Hambrock was appointed co-personal representative with Star.

The estate inventory listed assets consisting of an Indianapolis residence valued at $100,000, a vehicle valued at $3,850, and personal property valued at $3,000. On December 27, 2010, Hambrock filed his "Verified Petition to Recognize Purchase Money Security Interest in Real Estate." (App. 24.) Hambrock averred that the funds used to purchase the Indianapolis residence were derived from the sale of a residence in Oklahoma, which Cromer and Hambrock had jointly owned. He asserted that he was entitled to a lien in the amount of $27,324.04.

A hearing was conducted on June 13, 2011. At that time, Hambrock's counsel stated that the relief requested was the recognition of a purchase money security interest lien or, alternatively, the imposition of "a constructive trust to reform the deed essentially so that it's

3

a survivorship interest and that Mr. Hambrock owns the house outright." (Tr. 11.) The probate court heard testimony from Hambrock and argument of counsel. On August 25, 2011, the probate court issued an order denying equitable relief. The probate court found that the claim for imposition of a lien was untimely, pursuant to Indiana Code Section 29-1-14-1. The court further concluded that, assuming a constructive trust could be imposed outside the statutory time limits for filing a claim, Hambrock had nonetheless failed to establish the requisite elements for the imposition of a constructive trust. This appeal ensued.

### Discussion and Decision

Indiana Code Section 29-1-14-1 provides in relevant part:

(a) Except as provided in IC 29-1-7-7 [Notice of Administration],[2] all claims against a decedent's estate, other than expenses of administration and claims of the United States, the state, or a subdivision of the state, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees, and legatees of the decedent, unless filed with the court in which such estate is being administered within:
    (1) three (3) months after the date of the first published notice to creditors; or
    (2) three (3) months after the court has revoked probate of a will . . . whichever is later.
(b)  No claim shall be allowed that was barred by any statute of limitations at the time of decedent's death.
(c)  No claim shall be barred by the statute of limitations which was not barred at the time of the decedent's death, if the claim shall be filed within:
    (1) three (3) months after the date of the first published notice to creditors; or
    (2) three (3) months after the court has revoked probate of a will . . . whichever is later.
(d)  All claims barrable under subsection (a) shall be barred if not filed within

---

[2] This statutory section provides for an additional two months, in limited circumstances, for filing of a creditor's claim, but also states: "a claim filed under IC 29-1-14-1(a) more than nine (9) months after the death of the decedent is barred."

nine (9) months after the death of the decedent.

(e) Nothing in this section shall affect or prevent any action or proceeding to enforce any mortgage, pledge, or other lien upon property of the estate.

(f) Nothing in this section shall affect or prevent the enforcement of a claim for injury to person or damage to property arising out of negligence against the estate of a deceased tort feasor within the period of the statute of limitations provided for the tort action.

Accordingly, the Indiana Probate Code ("the Probate Code") requires that claims against an estate be filed within three months after the date of the first published notice to creditors, three months after the court has revoked probate of a will, or nine months after the date of death. Estate of Kappel v. Kappel, 946 N.E.2d 58, 59 (Ind. Ct. App. 2011) (citing Ind. Code § 29-1-14-1(d)). Hambrock concedes that his complaint was filed more than two years after Cromer's death. However, he contends that he was not constrained by the statutory time limitation because he asserted an entitlement to equitable relief, not a "claim" within the meaning of the Probate Code.

Questions of law are reviewed de novo and we owe no deference to the trial court's legal conclusions. In re Guardianship of Phillips, 926 N.E.2d 1103, 1106 (Ind. Ct. App. 2010). The Probate Code defines "claim" to include "liabilities of a decedent which survive, whether arising in contract or in tort or otherwise, funeral expenses, the expense of a tombstone, expenses of administration, and all taxes imposed by reason of the person's death." Ind. Code § 29-1-1-3(a)(2). "A claim, as that term is used in IC 29-1-14-1, … refers to 'a debt or demand of a pecuniary nature which could have been enforced against the decedent in his lifetime.'" Cardwell v. Estate of Kirkendall, 712 N.E.2d 1047, 1049 (Ind. Ct. App. 1999) (quoting Matter of Williams' Estate, 398 N.E.2d 1368, 1370 (Ind. Ct. App.

5

1980)).  The purpose of time limits upon claim filing is to facilitate the orderly administration of estates, by establishing a time when the executor can be absolutely certain that all of the estate's debts have been identified.  Kitchen v. Estate of Blue, 498 N.E.2d 41, 46-47 (Ind. Ct. App. 1986).

Hambrock contends, without supporting authority, that the equitable nature of his claim takes it outside the statutory framework.  He simply asserts that his claim for an equitable lien or for reformation of a deed arose at Cromer's death and could not have been enforced against Cromer in his lifetime.  Alternatively, he appears to claim that he was entitled to enforcement of an existing lien encumbering real estate.

Hambrock's claim was not a tort claim for injury to person or damage to property, as contemplated by subsection (f) of Indiana Code Section 29-1-14-1.  Nor did he hold an existing lien to be enforced pursuant to subsection (e).  Rather, Hambrock asked for the creation of a lien or reformation of a deed.  His claim falls squarely within the purview of subsection (a), applicable to claims "founded on contract or otherwise."  Ind. Code § 29-1-14-1(a).  Hambrock did not timely file his claim.

Pursuant to Indiana Code Section 29-1-13-1, the personal representatives have a right to take possession of the real and personal property of the decedent.  Here, the probate court properly denied the belated claim against the Estate.  Title to the real estate is not clouded and the deed need not be reformed.  The co-personal representatives may proceed with disposition of the Estate in accordance with the Probate Code.

Affirmed.

ROBB, C.J., and MATHIAS, J., concur.