Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**DEBRA S. ANDRY**
Paoli, Indiana

ATTORNEY FOR APPELLEES:

**DAVID W. STONE IV**
Stone Law Office & Legal Research
Anderson, Indiana

FILED
Aug 31 2012, 9:36 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CARROLL S. CHANNELL, Trustee of the Revocable Living Trust of Carroll S. Channell dated August 21, 2000, et al. | ) ) ) ) ) | |
| Appellant-Defendant, | ) ) | |
| vs. | ) ) | No. 59A04-1112-PL-664 |
| TIM MOFFATT and BILL MOFFATT, | ) ) ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE ORANGE CIRCUIT COURT
The Honorable Frank Newkirk, Jr., Special Judge
Cause No. 59C01-0602-PL-69

**August 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Carroll S. Channell ("Channell"), Trustee of the Revocable Living Trust of Carroll S. Channell dated August 21, 2000, et al. (collectively, "the Trust"), has initiated this interlocutory appeal from the trial court's pre-trial order resolving all pending motions in an action originally brought to quiet title to real estate located in Orange County, Indiana. The following restated issues are presented in this appeal:

I. Whether this interlocutory appeal is barred by the doctrine of invited error;

II. Whether the doctrine of judicial estoppel bars this appeal;

III. Whether the appeal is untimely; and

IV. Whether the trial court's conclusion that Tim Moffatt and Bill Moffatt ("the Moffatts") are the owners of the real estate in question is supported by the evidence.

We affirm and remand.

## FACTS AND PROCEDURAL HISTORY

On March 16, 2005, Orange County, Indiana by its Board of Commissioners executed a special warranty deed conveying certain real estate consisting of one and one-half acres to the Moffats.

On February 24, 2006, the Moffatts filed a complaint to quiet title claiming to have acquired title to one and one-half acres of real estate from Orange County through its Board of Commissioners. On May 19, 2006, the Trust filed an answer to the complaint and filed a counterclaim claiming to be the owner of the real estate and seeking to quiet title to it. Additionally, the Trust filed what it also designated as a counterclaim for inverse condemnation against Orange County and sought damages for the diminished value of the

2

real estate. The Trust requested that Orange County reply to the claim under penalty of default, and the trial court granted that motion ordering Orange County to reply on or before August 13, 2006. The trial court stated in the order that if no reply was filed by Orange County, a default judgment would be entered against it upon the request of the Trust.

The trial court entered a default judgment against Orange County on December 21, 2006. The trial court found that inverse condemnation had occurred and that the Trust had a cause of action for damages against Orange County. The trial court also set January 19, 2007, as the date for the appointment of appraisers. The Trust prepared the order signed by the trial court, which included the finding that inverse condemnation had occurred.

On April 15, 2008, the trial court appointed appraisers to determine the value of the property, but two days later, the Trust filed an objection to the trial court's order appointing appraisers. The Moffatts filed a motion to strike the Trust's objections, in which they argued that the Trust had waived any objection to the appointment of appraisers by proceeding with her inverse condemnation claim against Orange County. A hearing was held during which the Trust argued that Channell's remedies for inverse condemnation could include a return of the property at issue. The trial court subsequently issued an instruction to the appraisers as to the measure of damages due Channell, and ultimately denied Channell's objection to the appointment of appraisers.

The Trust's attorney said that he made a mistake, and the Trust now wanted the remedy to be a return of the land instead of damages for inverse condemnation. After various motions were filed in which each the Trust and the Moffatts sought to quiet title in the real

estate, the Trust filed a "Motion to Withdraw Defense," in which the Trust sought to set aside the inverse condemnation finding so that the Trust could pursue an award of damages and an injunction instead.

The trial court held a pretrial conference on all pending motions on September 2, 2009, and the issues were taken under advisement by the trial court. Orange County filed an objection to the Trust's "Motion to Withdraw Defense" as untimely filed. On February 26, 2010, the trial court made a pre-trial conference entry denying the Moffatts' motion to quiet title, denying the Trust's motion to withdraw its defense, and setting the matter for jury trial. After a subsequent pre-trial conference, the trial court ordered the parties to submit proposed orders by October 19, 2011.

On October 14, 2011, the Moffatts filed their proposed ruling in which they requested the trial court rule that fee simple title was vested in them and that the only issue remaining before the trial court was the determination of damages. The Trust filed its proposed ruling on October 19, 2011, in which the Trust requested that the trial court enter a ruling that the Moffatts' quiet title action be set for a bench trial and that the Trust was entitled to a jury trial to determine the amount of damages due it by the taking of the real estate through inverse condemnation by Orange County. The trial court entered its pre-trial order, which is the subject of this interlocutory appeal, which finds as follows:

The Court therefore Finds and Orders:

    1)     That Orange County acquired the Real Estate from Channell via inverse condemnation, as provided for in the Default.

2) That Orange County transferred and conveyed its interest in the Real Estate to Moffatt by way of the Deed.

3) That Channell is entitled to a trial to determine the proper amount of damages to be awarded as a result of Orange County's inverse condemnation of the Real Estate.

4) That this cause is hereby set for final pre-trial conference on the 11th day of JANUARY, 2012 at 1:00 p.m.

*Appellant's App.* at 9A. The Trust now brings this interlocutory appeal.

## DISCUSSION AND DECISION

### I. Invited Error

The Trust argues on appeal that the trial court's order should be reversed and remanded for further proceedings because the Moffatts have failed to meet their burden of proving ownership of the one and one-half acre in dispute. The Moffatts argue that the Trust sought damages for the inverse condemnation of that real estate and that any error in the trial court's finding of inverse condemnation was invited error.

"The doctrine of invited error, grounded in estoppel, provides that a party may not take advantage of an error that he commits, invites, or which is the natural consequence of his own neglect or misconduct." *Breining v. Harkness*, 872 N.E.2d 155, 159 (Ind. Ct. App. 2007) (citing *Witte v. Mundy ex rel. Mundy*, 820 N.E.2d 128, 133 (Ind. 2005)). "A party may not invite error and later argue that the error supports reversal, because error invited by the complaining party is not reversible error." *Booher v. State*, 773 N.E.2d 814, 822 (Ind. 2002). Invited errors are not subject to appellate review. *Gamble v. State*, 831 N.E.2d 178, 184 (Ind. Ct. App. 2005).

5

Furthermore, "a party cannot appeal from a judgment which he has expressly or impliedly requested the court to enter." *Becker v. MacDonald*, 488 N.E.2d 729, 732 (Ind. Ct. App. 1986). In this case, the Trust sought the remedy of damages for inverse condemnation. The Trust also sought a default judgment concluding that inverse condemnation had occurred in the event Orange County failed to respond to the Trust's claim. Each of the Trust's requests was ultimately granted by the trial court, and the order entered to that effect was drafted by the Trust. We find that if any error exists, it is invited error, which does not entitle the Trust to a reversal of the trial court's decision.

## II. Judicial Estoppel

During a hearing before the trial court, the Trust made clear to the other parties and to the trial court that the theory the Trust was pursuing was damages for inverse condemnation. Now, after obtaining the relief it sought, a finding of inverse condemnation and a trial setting for a determination of the resulting damages, the Trust claims that the inverse condemnation finding was not proper. The Moffatts claim that the Trust's appeal is barred by the doctrine of judicial estoppel.

"[J]udicial estoppel prevents a party from asserting a position in a legal proceeding inconsistent with one previously asserted." *Wabash Grain, Inc. v. Smith*, 700 N.E.2d 234, 237 (Ind. Ct. App. 1998). "Judicial estoppel prevents a party from asserting a position in a legal proceeding that is inconsistent with one previously asserted, and it 'precludes a party from repudiating assertions in the party's own pleadings.'" *Gatlin Plumbing & Heating, Inc. v. Estate of Yeager*, 921 N.E.2d 18, 24 (Ind. Ct. App. 2010). "[A] party may not generally

6

assume successive positions in the course of the same litigation with respect to the same fact or set of facts which are inconsistent and mutually contradictory." *Lumbard v. Farmers State Bank*, 812 N.E.2d 196, 201 (Ind. Ct. App. 2004) (citing *Gregory and Appel, Inc. v. Duck*, 459 N.E.2d 46, 50 (Ind. Ct. App. 1984)).

We reiterate that in this case the Trust proceeded on the theory of inverse condemnation and sought damages as its remedy. Now, the Trust claims that inverse condemnation is not available and the trial court erred in so finding. The trial court did not err by granting the Trust the relief it requested and setting the matter for a trial on damages. The Trust's argument now is inconsistent and contradictory with its previous position in the same litigation. We find that the Trust is judicially estopped from this argument.

### III. Untimeliness of the Appeal

The Trust claims that it is appealing the transfer of the right to possession of the one and one-half acres of real estate to the Moffats in the trial court's November 15, 2011 pre-trial order. The Moffatts argue that the appeal is untimely because the pre-trial order merely restated the conclusion reached in the default judgment entered on December 21, 2006. We conclude that this interlocutory appeal is timely.

The December 21, 2006 default judgment entered against Orange County stated in relevant part as follows:

> The Court finds that Channell has an interest in real estate which has been taken without having been appropriated under eminent domain laws and that Court finds that appraisers should be appointed to assess damages to her remaining real estate from said appropriation.

7

*Appellant's App*. at 80. Although the trial court found in that order that the Trust's interest in the property had been acquired by Orange County, the Trust continued to resist the trial court's efforts to proceed to the second phase of the inverse condemnation proceedings, wherein appraisers are named and damages are ascertained by a finder of fact.

The Trust counters that it is appealing the November 15, 2011 pre-trial order. That order reiterates its finding in the default judgment that Orange County acquired the real estate from the Trust via inverse condemnation, "as provided for in the Default," and that the Moffatts acquired Orange County's interest in the real estate by deed from Orange County. *Id*. at 9A. The two matters that remained were the Moffatts' quiet title action and a jury trial to determine Channell's damages from the inverse condemnation.

In *City of Gary v. Ruberto*, 354 N.E.2d 786, 789 (1976), a panel of this court reversed the trial court's determination that a taking had occurred in an action involving inverse condemnation, *inter alia*. After the trial court's determination was made that a taking had occurred, appraisers were appointed, and the issue of damages was presented to a jury, which awarded Ruberto $19,000. The City appealed, arguing that there was insufficient evidence that a taking had occurred and that there was insufficient evidence to support the jury's award of damages. We reversed the trial court, finding the evidence in both phases was insufficient. 354 N.E.2d at 792. That appeal, however, was brought after a final judgment concluding all matters had been entered.

Channell's appeal is an interlocutory appeal of right because it involves the sale or delivery of the possession of real property. Ind. Appellate Rule 14(A)(4). The default

8

judgment entered on December 21, 2006, and the trial court's pre-trial order entered on November 15, 2011, each state that Channell's interest in the real estate was acquired by Orange County by inverse condemnation. The November 15, 2011 order further states that the interest in the real estate acquired by Orange County was transferred to the Moffatts by deed. The trial court then concluded that the matter should proceed for a determination of Channell's damages.

"Indiana case law is clear that the *effect* of the order, and not a strict reading of its text, determines whether the order is one for the sale or delivery of the possession of real property." *In re Unsupervised Estate of Deiwert*, 879 N.E.2d 1126, 1128 (2008). In *Deiwert*, the effect of the probate court's ruling was that one party no longer had a right under the will to purchase real estate effectively delivering possession to the other party. *Id.* We conclude that Channell's interlocutory appeal is timely and that we have jurisdiction over this appeal.

### IV. Ownership Determination

The Trust also challenges the trial court's determination that the Moffatts are the owners of the one and one-half acre of real estate at issue, contending that the Moffatts have failed to show their ownership of the property in question. We disagree.

The record reveals that the Trust sought and obtained a default judgment against Orange County for its acquisition via inverse condemnation of the property in question. Thereafter, Orange County conveyed the property to the Moffatts by way of a warranty deed dated March 15, 2005. *Appellant's App*. at 61.

"A warranty deed serves to convey any after-acquired title that the covenantor may acquire." 8 Ind. Law Encyc. Covenants § 22. "Record title is the highest evidence of ownership and is not easily defeated." *Ritz v. Ind. & Ohio R. R., Inc.*, 632 N.E.2d 769, 772. Where there is evidence of fee simple title, a prima facie case for quiet title is established. *Id*. The burden of proving any defects rendering the deed void, rests on the opposing party. *Id*. at 773.

Not only has the Trust failed to prove a defect in the Moffatts' deed such that it is void, the Trust's own deed is worthy of note. The deed upon which the Trust based its claim to ownership of the property contains an impossible description that is not an enclosed unit. The property runs 80 rods north, then 80 rods west, then 57 rods south, then east 46 rods, and then south 23 rods and then east 46 rods. *Appellant's App*. at 57. The description provides for a southern boundary of 92 rods, with all other boundaries being 80 rods in length.

The record shows that Orange County acquired the real estate via inverse condemnation and then deeded the property to the Moffatts. The Trust sought damages as compensation for the taking of the property and successfully obtained a default judgment entitling the Trust to a trial on the issue of damages. We have previously stated as follows:

> There are two stages in an inverse condemnation action. The first stage determines whether a compensable taking has occurred. At this stage, the landowner must show that he has a property interest that has been taken for a public use without having been appropriated pursuant to eminent domain laws. If the trial court, acting as finder of fact in the first stage, determines that a taking has occurred, the matter proceeds to the second phase, at which the trial court appoints appraisers and damages are assessed. The action is not based on tort, but on the constitutional prohibition of the taking of property without just compensation.

10

*Sloan v. Town Council of Town of Patoka*, 932 N.E2.d 1259, 1262 (Ind. Ct. App. 2010)

(internal citations omitted).  The Trust has failed to establish that the trial court erred by

concluding that the Moffatts are the owners of the property at issue.

We remand this matter to the trial court for further proceedings consistent with this

opinion.

Affirmed and remanded.

BAKER, J., and BROWN, J., concur.